## Clara Brant, Administratrix of the Estate of George W. Brant, Deceased, Plaintiff-Appellee, v. Wabash Railroad Company, Defendant-Appellant.

Gen. No. 61–F–10.

Fourth District.
May 19, 1961.

Rehearing denied August 11, 1961.

John L. Davidson, Jr., and Charles P. Lippert, of St. Louis, Missouri, and Costello, Wiechert, Roberts & Gundlach, of East St. Louis, for appellant.

James A. Dooley, of Chicago, for appellee.

HOFFMAN, J.

This is an appeal from a judgment entered on a verdict of a jury, in favor of the plaintiff, Clara Brant, Administratrix of the Estate of George W. Brant, deceased, against defendant, Wabash Railroad Company, in the sum of $88,500.00. It was a Federal Employers' Liability action to recover damages by reason of the death of George W. Brant, and the only issue was the amount of damages, since liability was admitted.

On appeal in this Court, defendant contends that the verdict is grossly excessive, and that the excessive verdict resulted from the Trial Court's erroneous exclusion of evidence relative to the tenure or duration of the decedent's employment with defendant Railroad Company, and also because plaintiff's attorney in his closing arguments to the jury made improper and prejudicial appeals to sympathy.

In the course of the trial the Trial Court excluded evidence to the effect that at age 65 plaintiff's decedent would have to retire from the position held at the time of his fatal injury. The evidence was in the form of a certified copy of a resolution of the Board of Directors of the Railroad Company requiring employees in the status of plaintiff's decedent to retire at age 65; and also testimony of certain witnesses on this subject was stricken from the record on the ground that "it was not the best evidence."

On the question of the argument of counsel to the jury, the record shows that counsel stated, "you recall anyone who takes the life of another is subject to giving his own life." And, "how much is it worth? How much is it worth from 11 years of age? How much is it worth? I don't know if any of you have had a child without a parent, if you have then you will be able to . . . . One who has been in that situation can appreciate it." And again the statement, "Can any one of you think of any greater physical evil than pain and suffering? You have heard people pray to die. Has any one of you ever heard anyone pray for pain and suffering?" And again the statement, "I suppose if you went into the poorer places of this community or over to St. Louis or East St. Louis, and you met someone who needed money, someone who needed money more than he needed anything else in the world, and you said to him, 'I will pay you $100.00 an hour if you will accept this pain and suffering' " . . . "that is an element of damages, and don't take my word, take the

339

Court's word." . . . "And as I say, if you found someone who needed money more than anything else in the whole wide world, and you said, 'I will pay you $100.00 an hour—I will pay you $200.00 an hour, if you will take the suffering of George Brant.'" Defendant objected in all instances and requested a mistrial both during the course of the argument and at the conclusion thereof, but the objections were overruled and the motion for mistrial was denied.

 While we are reluctant to reverse on the basis of argument of counsel, and are conscious of the fact that the greatest latitude should be permitted to an attorney in closing argument, within the discretion of the Trial Court (Walsh vs. Chicago Rys. Co., 303 Ill. 339, 135 N.E. 709, it is apparent that the type of argument, considered as a whole, made in the instant case goes beyond the latitude which should normally be given to counsel under such circumstances (Goad vs. Grissom, 324 Ill. App. 123, 57 N.E.2d 514). The circumstance that plaintiff's counsel stated, "you will recall anyone who takes the life of another is subject to giving his own life," and then refers to the words of a "child without a parent," and also referred to the hypothetical person in the community who "accepts $100.00 or $200.00 to endure the pain," were such potentially as to have improperly influenced the jury in the assessment of damages. It is not proper to have the jury put itself in the position of the appellee (Thomas vs. Illinois Power & Light Corp., 247 Ill. App. 378, 388). The cumulative effect of these remarks in the light of a verdict of $88,500.00 for the death of the 59 year old man who was earning $519.00 to $572.00 per month, raises the basic question of whether the appeal to the jury's sympathy by such arguments actually deprived defendant of a fair trial. There was no justification for the comments, and un-

der the record, we believe it would be improper to permit the verdict and judgment to stand.

The judgment of the Circuit Court of St. Clair County is, therefore, reversed and the cause is remanded for new trial. We assume that the problem of the evidence on the other issue presented, which should be admissible, would be properly presented on retrial of the cause, so that it is unnecessary to discuss that issue further at this time.

Reversed and remanded.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.