**Erasmo Ferrer, a Minor, by His Mother and Next Friend, Erma Ferrer, Plaintiff-Appellee, v. Chuck Vecchione and Joseph Vecchione, Defendants-Appellants.**

Gen. No. 52,422.

First District, Fourth Division.

July 31, 1968.

Philip W. Tone, Donald R. Harris, Ernest K. Koehler, and Herbert E. Cleveland, of Chicago (Raymond, Mayer, Jenner & Block, of counsel), for appellants.

Unger & Unger, of Chicago (Louis P. Miller, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendants appeal from a judgment in the sum of $150,000 entered upon a jury verdict in favor of plaintiff for injuries he sustained when struck by an automobile driven by defendant Chuck Vecchione (hereinafter referred to as Chuck). Plaintiff sought to establish the liability of Joseph Vecchione, Chuck's father, (hereinafter referred to as Joseph) on the principle of respondeat superior. On appeal defendants contend that their case was prejudiced (1) by improper cross-examination and (2) by plaintiff's closing argument to the jury. De-

fendant Joseph Vecchione also contends that the judgment against him was not supported by sufficient evidence and that a finding of no liability should be entered on his behalf.

Plaintiff received his injury in an accident which took place during the daylight hours on April 21, 1961. Plaintiff, then four years old, was crossing Jackson Boulevard near the intersection of Jackson and Damen Avenue in the company of his father when he was struck by a car driven by defendant Chuck Vecchione. Plaintiff sustained a fractured skull requiring the insertion of a metal plate. There was medical testimony presented at the trial that it was not possible to predict the duration of the resulting nausea and headaches but that plaintiff still suffered these symptoms and that there was a twenty percent chance plaintiff would develop epilepsy. There was some conflict as to whether plaintiff was crossing at the crosswalk or whether he had run out from between parked cars as well as to whether or not defendant had a green light. The investigating officer testified that at the hospital after the accident Chuck appeared confused, and his eyes were red but that he was not intoxicated. Chuck testified that his eyes were red because he had cried a great deal after the accident. The sufficiency of the evidence establishing the liability of defendant Chuck is not questioned.

■■ Defendants first argue that they were prejudiced by repetitive cross-examination of Chuck about his use of drugs in view of Chuck's denial of such use and the failure to impeach or refute his negative answers. The questions were:

> Were you taking anything at all that could influence your judgment or make you confused? [Objection sustained.]
>
> On April 21, 1961, were you using or were you in the habit of using medicine or drug of any kind? [Objection sustained.]

470

With regard to your physical condition at the time that you gave the deposition, were you at that time using any drug of any kind? [Witness answered no.]

Had you been using any drugs before the time of the deposition? [Objection overruled. Witness answered no.]

As you are now on the witness stand and you are sworn and giving testimony, from the time of the deposition that you gave in 1965 until this time have you used any drugs of any kind? [Objection overruled. Witness answered no.]

While defending his right to pursue this cross-examination, plaintiff's counsel said in the presence of the jury:

All right. But I want to ask him with regard to these habits, if I may sir?

Plaintiff now urges that narcotics use is a legitimate area of inquiry, citing People v. Crump, 5 Ill2d 251, 125 NE2d 615. However, in arguing to the trial judge that he should be permitted to pursue this line of questioning, plaintiff's counsel asserted that these questions were necessary to lay a foundation for subsequent impeachment. Thereupon the court overruled defendants' objections. The following questions were then asked and answered in the negative:

[F]rom the time of the deposition that you gave in 1965 until this time have you used any drugs of any kind?

Have you been treated in connection with the use of any drugs?

No evidence was adduced by plaintiff indicating any use of drugs by Chuck at any time. In Gordon v. Checker Taxi Co., 334 Ill App 313, 79 NE2d 632, counsel asked a series of questions concerning whether or not plaintiff had suffered the same injuries for which she was then

471

suing in a previous accident. The court said at pages 318 and 319:

> The questions propounded on cross-examination of plaintiff, except the last one, were proper if asked in good faith for the purpose of impeachment in the event of denial, and had objection been made the court would be obliged to overrule the objection. Proof of the facts involved in such questions would obviously affect plaintiff's present claim for injuries, pain and suffering. Innuendoes involved in such questions are sometimes more damaging than an effort to prove the impeaching facts. When no witness is offered to impeach plaintiff and, therefore, no opportunity for cross-examination, presented, the prejudicial effect springing from such questions cannot always be overcome, and results in an unfair trial to a plaintiff. If, under the guise and pretense of laying a foundation for impeachment, a plaintiff could be asked questions that would affect her credibility, such as a supposed former conviction for a felony (c 51, § 1, Ill Rev Stats 1947 [Jones Ill Stats Ann 107.067]), where production of the record of conviction is not required, and no proof made or offered, when there is a denial of the fact; or suppose questions were asked concerning alleged conversation with others, which involves very damaging supposed admissions against interest, and though denied by the witness, no proof is offered to impeach, such type of cross-examination, if approved, could succeed in defeating many a meritorious cause.

Since defendant answered in the negative to each of the questions relating to drugs and since no impeaching evidence was introduced, we believe the cross-examination of defendant was prejudicial. See also Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348. This

472

error was aggravated when in closing argument plaintiff emphasized this cross-examination as follows:

> Well, the defendant was not intoxicated; and I asked him if he took drugs or medicines and he said no.
>
> . . . . . .
>
> For that reason I asked him these questions to explain his red, bloodshot eyes; to explain his disorganized, confused state; his unawareness of where the accident happened.
>
> . . . . . .
>
> What does that mean? Does that mean that this defendant was more than confused, or that he was more than disorganized?

■■■ Defendants' next contention is that another part of plaintiff's closing argument to the jury was also prejudicial. Plaintiff's counsel told the jury:

> Ladies and gentlemen, this defendant, this man, was present at the scene of this accident who caused this condition of this boy. . . . He is not with us. He is not present here today. He didn't favor us with his appearance yesterday either . . . .
> What interest he has in this case, its outcome; what he cares about it . . . . He wasn't here.
> But the family of Erasmo Ferrer are here, because they are very interested in the case.

He again referred to defendant's absence in his argument in reply. In Reed v. Johnson, 55 Ill App2d 67, 204 NE2d 136 counsel argues, at page 76:

> He tells that story. That is his sworn version. I believe he is sadly mistaken, and let me say right now there is nothing personal about this. You folks can bring in anything from fifty to one hundred

473

thousand dollars, which is the amount of the ad damnum, which is the right amount here and we are not going to have any personal concern, and the Johnson Bros. don't. There is nothing personal.

The court there said:

> In stating that defendant had no personal concern about the amount of the verdict, counsel clearly and, we think, deliberately implied the existence of insurance.

Plaintiff contends that his argument in the instant case did not imply the existence of insurance. We believe, however, that his argument that defendant was not concerned about the case carried with it a strong implication of insurance. Moreover, defendant's attitude toward the outcome of the case is in no legitimate way relevant to his liability. This argument was improper and prejudicial.

Defendants also complain of plaintiff's argument to the jury that plaintiff "will suffer with epilepsy all his life." The evidence was that there was only a twenty percent chance that plaintiff would ever develop epilepsy. It is well established that counsel's arguments are limited to the evidence presented. He cannot testify or supply new facts during the closing arguments. Owen v. Willett Truck Leasing Corp., 61 Ill App2d 395, 209 NE2d 868. Plaintiff argues, however, that defendants' failure to object to this argument bars its review on appeal. In Belfield v. Coop, 8 Ill2d 293, 313, 134 NE2d 249, the court said that failure to object did not bar review where otherwise "parties litigant cannot receive a fair trial and the judicial process stand without deterioration. . . ." We believe that under this standard this matter is reviewable. The argument was improper.

In view of these prejudicial errors we are reversing the judgment and remanding for a new trial as to both defendants.

██ Defendant Joseph Vecchione also contends that the judgment against him was not supported by any evidence tending to establish that Chuck Vecchione was acting as his agent when the accident occurred and that the judgment against Joseph should be reversed with a finding that he is not liable. The police officer, after examining a police report, testified that Joseph owned the automobile. Chuck's testimony that he owned the car was objected to on the ground that the pleadings admitted that Joseph was the owner and that Chuck was his agent.[1] The court ruled it would "sustain the pleading." Joseph testified that Chuck was the owner and that Chuck was not employed by him.[2] During the trial, plaintiff moved for the admission into evidence of the pleadings. Defendants' objections thereto were overruled but we cannot ascertain from the record whether or not they were actually received in evidence. We assume, however, that they were, since in defendants' post-trial motion the following appears:

14. The Court erred in admitting into evidence the complaint and amendment or amendments thereto and the admission of such pleadings in evidence was prejudicial to the defendants.

15. The Court erred in admitting into evidence the original answer filed in the action and the admis-

---

[1] The answer and amended answer filed on behalf of both defendants admitted that Chuck Vecchione, as the agent, servant and employee of defendant, Joseph Vecchione, was driving the automobile and that Chuck, with the knowledge and consent of defendant Joseph was driving the automobile and that Joseph was the owner thereof.

[2] At the close of the evidence the court permitted the filing by Joseph of an amendment to the amended answer in which Joseph denied he was the owner of the automobile and denied the agency as alleged in the complaint. No amendment was filed on behalf of Chuck.

sion of this pleading in evidence was prejudicial to the defendants.

The following instruction to the jury was given:

> If you decide that the automobile being driven by Chuck Vecchione was owned by the defendant, Joseph Vecchione, you may infer from such evidence that defendant, Chuck Vecchione was acting as the agent of the owner and within the scope of his authority, unless you find that inference is overcome by other believable evidence. You may consider that inference and any other evidence in the case in deciding whether defendant, Chuck Vecchione was acting as agent and within the scope of his authority as defendant, Joseph Vecchione's agent.

This instruction was not objected to either at the trial or on appeal. Under the testimony and other circumstances heretofore mentioned, we believe there was sufficient evidence of Joseph's ownership of the car to support a verdict against him. Since we are reversing and remanding for a new trial as to both defendants for trial errors, we need not consider the other contentions of Joseph that he be granted a new trial.

The judgment is reversed and the cause remanded for a new trial as to both defendants to be conducted in a manner not inconsistent with this opinion.

Reversed and remanded with instructions.

McCORMICK, P. J. and ENGLISH, J., concur.