SANDRA A. BLAKE, Plaintiff-Appellee, *v.* THOMAS V. MAHAFFEY, Defendant-Appellant.—(CHARLES A. DELHOTEL *et al.*, Defendants.)

Third District   No. 75-136

Opinion filed June 29, 1976.

Eugene Hayes, of Morris, for appellant.

Louis Olivero, of Peru, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This case is companion to No. 75-137 filed this same date. Here defendant Thomas Mahaffey appeals from an order for a new trial as to his liability for plaintiff's injuries. This action arose out of a three-car accident in which Mahaffey attempted a left turn in front of the oncoming car of defendant Charles Delhotel and was struck by Delhotel who then collided head-on with plaintiff Sandra Blake. Plaintiff filed suit against both Delhotel and Mahaffey. The jury returned a verdict of $45,000 against Delhotel only.

In No. 75-137, we affirmed the trial court's ruling that Delhotel was denied a fair trial because plaintiff failed to offer proof of prior inconsistent statements after laying the foundation to impeach Delhotel's chief witness. The trial court also granted plaintiff's motion for a new trial against Mahaffey, not because of any errors asserted by plaintiff, but because the impeachment errors affected the jury's judgment as to both defendants.

As a general rule, the court may grant a new trial to one or more codefendants as justice may require. (*Ashton v. Sweeney* (2d Dist. 1953), 350 Ill. App. 135, 112 N.E.2d 183.) The trial court is allowed broad discretion in granting a new trial and unless a clear abuse of discretion is affirmatively shown, the trial court's decision in granting a new trial will

not be reversed. As was said in *Josate v. Mack* (4th Dist. 1939), 302 Ill. App. 246, 248, 23 N.E.2d 778:

> "Necessarily, the trial court should have the discretion to decide with finality whether a new trial is necessary in the interests of justice, as it is in his power to observe the multiplicity of situations as they arise during the progress of the trial and is in a better position to weigh the effect upon the jury and to judge whether or not substantial justice had been done."

Where, as here, it is not possible to separate the defendants as to the harm that might have been done in the minds of the jury, we believe justice required that the case be retried as to both defendants. See *Roberts v. Hyland Builders Corp.* (1st Dist. 1962), 34 Ill. App. 2d 276, 181 N.E.2d 197.

Furthermore, Mahaffey's counsel also laid a foundation for impeachment but did not introduce the impeaching statements. The particular question involved Biederstedt's testimony that he had seen Delhotel's turn signal flashing at a "Y" intersection about 200 feet before the point of collision. Since Mahaffey denied seeing Delhotel's car prior to impact, Biederstedt's testimony was material to the issue of fault. Considered with similar improper questioning by plaintiff, this error contributed to the unfairness of the entire trial.

We therefore conclude that the able and experienced trial judge did not act in abuse of his discretion in ordering a new trial as to both defendants, and we affirm the order.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.