LYNN S. CLARQUIST, Plaintiff-Appellee, *v.* CLARENCE KIRSCHENMAN *et al.*, Defendants-Appellants.

Third District   No. 77-27

Opinion filed December 14, 1977.—Rehearing denied January 11, 1978.

ALLOY, P. J., dissenting.

Robert J. Noe, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellants.

Stuart R. Lefstein and John C. McAndrews, both of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant McCarthy Improvement Company, Inc., from a judgment and an award of damages in the sum of $260,000 to

the plaintiff, Lynn S. Clarquist, after trial by jury in the Circuit Court of Rock Island County.

On August 16, 1974, the plaintiff sustained injuries when he was struck by a dump truck which was being used on a highway construction project in Rock Island County. The project involved the widening and resurfacing of nine miles of Illinois Route 92. The highway runs east and west, consists of two lanes and carries traffic in both directions.

The plaintiff had been on the project site since mid-July of 1974 in the capacity of a State inspector. The duties of the plaintiff consisted of obtaining tickets from the truck drivers working on the project and he further checked the temperature and thickness of the asphalt being applied.

The widening of the highway involved the preparation of an area adjacent to the existing highway and the application of layers of asphalt on this area. The asphalt was transported to the job site in trucks after which it was dumped into a spreader. The spreader then applied the asphalt to the ground and it was thereafter compacted with a roller. Water trucks dispensed water on the rollers in order to keep the asphalt from sticking.

The widening of the highway and the application of the asphalt was done in sections. On the day in question a section 1,580 feet in length was being widened. The various vehicles involved would proceed forward over an area, and then back up to what was referred to as the start line before applying the next layer of asphalt.

While this procedure of applying the asphalt was being performed the plaintiff wanted to get to the spreader, so he started walking west on the south shoulder of the road. At some undetermined point he stepped on to the pavement and continued walking west in the eastbound lane of traffic. This lane was closed to traffic as the result of the work being done and flagmen were directing all traffic into the westbound lane.

Clarence Kirschenman (named as a defendant in the complaint filed by the plaintiff but never served with summons) was backing a dump truck through the construction zone at a speed of approximately 3 to 6 miles per hour. The vehicle operated by Kirschenman was equipped with outside mirrors and a back up warning bell.

The plaintiff did not heed the warnings of either the bell or that of a passing motorist and was struck by the truck and injured.

We have set forth but a brief summarization of facts which resulted in plaintiff's injury and ensuing action for damages. A more detailed recitation will be set forth as they become pertinent to a determination of this appeal.

The defendant raises several issues which he contends warrant a reversal of the judgment of the trial court. We first direct our attention to

the defendant's contention that it was deprived of a fair trial by the conduct of counsel for the plaintiff.

The first allegation of misconduct on the part of counsel of the plaintiff pertains to a motion in limine. Kirschenman, the driver of the truck which injured the plaintiff, had left the employ of the defendant shortly after the accident. The defendant in an effort to avoid any adverse inference which might arise from the fact that its former employee, Kirschenman, had left their employment quite soon after the accident filed a motion in limine prior to trial which covered this matter. The motion was allowed on August 23, 1976. From the record it is clear that counsel for the plaintiff was aware of the fact that questions and answers on the subject of Kirschenman leaving the defendant's employ were forbidden, however, during the course of the trial the following colloquy and events transpired:

"Counsel for Plaintiff: Are you still in the employ of McCarthy Improvement Company?

Witness Kirschenman: No sir. Not right now.

Counsel for Plaintiff: When did you leave their employ?

Counsel for Defendant: Objection. I would like to be heard outside the presence of the jury on that.

The Court: The jury will step aside. [Whereupon the jury leaves the box.]

Counsel for Defendant: We filed a motion in limine in this cause on that particular point and it was granted by this Court and Mr. Gillman was instructed and ordered by this Court not to go into the matter of when this man left the employ of McCarthy Improvement Company.

Counsel for Plaintiff: This man has been out of the State and trying to pull a fast one.

Counsel for Defendant: There is a motion in limine that was allowed and the purpose was so that we weren't put into a position to have to object to this type of question as to when this man left or why he left. In violation of the Court's order entered at the beginning of the trial, Mr. Gillman asked this question and I think he should be reprimanded not to violate the Court's order.

The Court: The motion in limine was allowed as to paragraph 4 that Clarence Kirschenman left the employ of McCarthy on August 16, 1974. It was allowed as to that paragraph and reserved as to the 2nd paragraph.

Counsel for Plaintiff: I will withdraw the question. I didn't realize that.

The Court: Have the jury come back in.

Counsel for Defendant: I would like to move to withdraw the jurors and declare a mistrial based on undue prejudice.

The Court: The motion to declare a mistrial is denied. Bring the jury back in. [Whereupon, the jury returns to the box.]

Counsel for Plaintiff: Before we proceed, I would like to make a statement to the jury that I would like to withdraw my last question that I made as I failed to realize that there had been an order entered precluding me from that question and ask you to disregard the question.

The Court: The jury is instructed to disregard the last question asked by Mr. Gillman."

■■ ■ Our reviewing courts have consistently upheld the use of motions in limine on the basis that prior to trial an order can be entered which would exclude certain evidence during the course of the trial on the grounds that the admission of such evidence would violate some ordinary rule of evidence or unnecessarily complicate the trial of a case. (See *Department of Public Works and Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 359 N.E.2d 752, and *Wolfe v. Whipple* (1969), 112 Ill. App. 2d 255, 251 N.E.2d 77.) It should be noted that in the instant case the plaintiff does not assert that the trial court made an erroneous ruling when it granted the defendant's motion in limine but instead claims lack of knowledge as to the trial court's order forbidding certain testimony and dismisses any impropriety with the euphemism that only a "technical violation" occurred. In examining the record we find it difficult to agree with the counsel for the plaintiff that he was unaware of the fact that testimony concerning the time of Kirschenman's departure as an employee of the defendant was to be banned. We encounter this difficulty because prior to the commencement of the trial both counsel for the defendant and counsel for the plaintiff agreed to strike from a deposition certain questions and answers on the subject. We also cannot agree that the conduct of the counsel for the plaintiff in ignoring the trial court's order excluding testimony constituted nothing more than a "technical violation." The violation of a trial court's order entered pursuant to a motion in limine excluding certain testimony or statements has been held to be error. *Coleman v. Williams* (1976), 42 Ill. App. 3d 612, 356 N.E.2d 394.

The defendant next claims that it was prejudicial when counsel for the plaintiff laid the foundation for the impeachment of a witness and then did not complete the impeachment or continue to attempt to impeach the witness when the subject matter involved concerned the witness's consumption of intoxicants.

The record discloses the following colloquy during the cross-examination of the witness Kirschenman:

"Counsel for the Plaintiff: Were you drinking any alcoholic beverages on the date of the accident?

Counsel for the Defendant: Objection.

The Court: Overruled.

Witness: No sir. I didn't."

██ In the instant case intoxication was not an issue. With the exception of the above quoted colloquy which occurred during the cross-examination of the witness Kirschenman, the record is barren of any evidence relating to the consumption of alcoholic beverages. It is the defendant's contention that error resulted when counsel for the plaintiff laid a foundation for impeaching a witness but then did not complete the impeachment. With this contention we agree. See *People v. Matheny* (1977), 52 Ill. App. 3d 1100 (Rule 23 order); *Blake v. Delhotel* (1976), 39 Ill. App. 3d 725, 350 N.E.2d 880; *Blake v. Mahaffey* (1976), 39 Ill. App. 3d 724, 350 N.E.2d 883; *Ferrer v. Vecchione* (1968), 98 Ill. App. 2d 467, 240 N.E.2d 439.

In the case of *Miller v. Chicago Transit Authority* (1954), 3 Ill. App. 2d 223, 121 N.E.2d 348, a witness was asked if he drank and if he was drinking at the time of the accident. The reviewing court in the case of *Miller* made the following observation:

"No effort was made to prove that plaintiff had been under the influence of liquor, as the questions might suggest, either at the time in question or at any other time. The highly prejudicial effect of such questions is not readily removed by the court's ruling sustaining objections thereto. [Citations.] We are compelled to hold that the verdict of the jury was the result of prejudice." *Miller v. Chicago Transit Authority* (1954), 3 Ill. App. 2d 223, 229-30, 121 N.E.2d 348, 351.

In the instant case the question proposed to the witness Kirschenman as to whether he was drinking on the date of the accident with no further questions or other evidence concerning the use of intoxicants could only sow suspicion in the minds of the jurors. The trial of a case by insinuation and innuendo rather than by proof is not to be condoned.

Counsel for the plaintiff during final argument asked the jurors to put themselves in the place of his client. First he asked the jurors "how would you feel" when discussing his client's injuries. An objection to this question was sustained by the trial court but later counsel for the plaintiff asked the jurors how they would "like to go to the beach in swimming trunks and display the scars this young man has."

██ The asking of jurors to put themselves in the place of an injured plaintiff is not looked upon with favor. *Thomas v. Illinois Power & Light Corp.* (1928), 247 Ill. App. 378; *Brant v. Wabash R.R. Co.* (1961), 31 Ill. App. 2d 337, 176 N.E.2d 13.

██ The defendant asserts that counsel for the plaintiff committed other improprieties during the course of the trial and assigns as reversible error other issues; however, we do not deem it necessary to consider these

additional matters for we can only conclude that the conduct of counsel for the plaintiff, which we have set forth, clearly deprived the defendant of a fair trial and consequently this cause must be reversed. It may well be that each of the incidents which we have set forth, standing alone, would not require a new trial; however, we made no determination on that matter but do conclude that their cumulative effect was so prejudicial as to make a fair trial impossible. *Champion v. Knasiak* (1974), 25 Ill. App. 3d 192, 323 N.E.2d 62.

The judgment of the Circuit Court of Rock Island County is reversed and this case is remanded for a new trial.

Reversed and remanded.

STOUDER, J., concurs.

Mr. PRESIDING JUSTICE ALLOY, dissenting:

I must respectfully dissent from the determination of this cause as set forth in the majority opinion.

It appears from the record that the verdict was not contrary to the manifest weight of the evidence nor was there contributory negligence as a matter of law or any reversible error in the giving of instructions. While the amount of the verdict was high, I do not believe it is a case which would justify a reversal on a contention that the verdict was excessive.

The basic question, however, is whether defendant was deprived of a fair trial by the conduct of plaintiff's counsel. Issues of the character described in the majority opinion are always troublesome, however, and since the trial court did not see fit to grant a new trial, I do not believe that the erroneous characteristics described in the majority opinion require a reversal and remandment in this cause.

The motion in limine in the instant case, which was granted before the trial, covered the subject of when the driver of the dump truck had left the employ of McCarthy Improvement Company, Inc. At the trial, in plaintiff's cross-examination of the driver, he was asked by counsel: "Are you still in the employ of McCarthy Improvement Company?" and he answered: "No sir. Not right now." He was then asked: "When did you leave their employ." There was an objection. The jury was withdrawn and after counsel was reminded of the motion granted, he withdrew the question and the jury was instructed to disregard the question. I do not believe there was anything inherently in the question which could confuse the jurors as to the issues before the court. A question of this character could be shown to have worked a prejudicial injury and be a basis for reversal, but under the facts in the record, since there were no other questions on the subject by counsel, it is difficult to see a basis for reversal

on this point. As to the so-called "innuendo cross-examination" questions, I also do not see sufficient prejudice to require remandment. In one case, the witness was asked whether he told the Transportation Department representative that he was backing up "wide open" at the time of the accident. While the driver denied that he made such statement, he later conceded he may have said it was "pretty much wide open." It is only when the witness denies an asserted previous inconsistent statement that an impeaching witness must be called. (*Gordon v. Checker Taxi Co.* (1st Dist. 1948), 334 Ill. App. 313, 79 N.E.2d 632.) The driver's subsequent concession, that he made the statement, obviated the need to call an impeaching witness.

Another question in that category was the question as to whether the driver had consumed any alcoholic beverages on the date of the accident. This is the most disturbing of all the questions which were asked and my first reaction was that it constituted reversible error. On analysis of the issue, I note that the witness answered that he had not consumed any alcoholic beverages. No basis for impeachment was established in this case since the question did not attribute a previous admission to the witness and there was no further questioning concerning alcohol nor was any insinuation made during the argument that the driver had been drinking. I believe, upon examination of the record that if the trial court felt that there was any prejudice resulting from such question he would have granted the relief requested by defendant. Under the circumstances in the case, and in view of the entire record, I do not believe we are required to reverse on this issue, although I concede that it is a close question and that, if the trial court had granted a new trial by reason of such question, we would certainly affirm the trial court since he was present at the time of trial and could assess the impact of such question more effectively than we can in review of the record.

The remark of counsel in his argument asking how the jurors would like to go to the beach in swimming trunks and display the scars that the plaintiff had, was clearly improper. An objection was made and sustained and the court instructed the jury to disregard the remark. By reason of such action of the court, I do not view it as so prejudicial as to warrant reversal and remandment on appeal.

Defendant also points to references to the existence of plaintiff's wife and child as a prejudicial bid for sympathy. No objections were made to the reference during trial and there seemed to be nothing improper in the way the reference came to the attention of the jury.

Defendant objected to the statement in closing argument that whenever plaintiff does something for a long period of time, he is going to have a pain in the back for the rest of his life, and, also, that it was not known how long he will have the job as a draftsman. There was an issue in

the case as to the nature, extent and duration of the injuries and disability from the injury and future pain and suffering, and his discomfort from his job was before the court. While there was no evidence that the job was in jeopardy, the argument could be construed as a reasonable inference from the evidence concerning plaintiff's physical problems with his job. Arguments of this type are generally left to the discretion of the trial court, upon objection. I do not see how we could consistently find that the court abused its discretion with the resultant prejudice in this case which would require reversal.

I agree with the majority opinion in this case that the cumulative effect of plaintiff's counsel's conduct should be considered in determining whether defendant received a fair trial. I have noted the major items in this dissent and believe that, considered cumulatively, they still did not require a reversal and remandment on the fair trial issue. I believe that the trial court could very well have concluded that these items relating to plaintiff's counsel's conduct, considered cumulatively, might have justified a new trial but that the fact that the trial court did not so find, I conclude, does not indicate that there was sufficient impact on the jury to justify a new trial.

For the reasons stated, therefore, I believe that the proper disposition of the appeal in this cause would be an affirmance.