WANDA L. FLYNN, Plaintiff-Appellant and Cross-Appellee, *v.* ERNEST M. CUSENTINO *et al.*, Defendants.—(ERNEST M. CUSENTINO, Defendant-Appellee and Cross-Appellant; PAMELA J. GRAHAM, Defendant-Cross-Appellee.)

Third District   No. 77-190

Opinion filed January 11, 1978.—Rehearing denied May 19, 1978.

James R. Morrison, of Lester Berry Smith, Ltd., of Peoria, for appellant.

R. Michael Henderson and Gery R. Gasick, both of McConnell, Kennedy, Quinn & Johnston, and Eugene L. White and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White & Frederick, both of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal arose out of a personal injury action which resulted in a jury verdict of $200 in favor of the plaintiff Wanda Flynn and against defendant Ernest M. Cusentino, driver of the other car. Defendant Pamela J. Graham was the driver of the automobile owned by plaintiff and in which plaintiff was a passenger. The jury also returned a verdict against the plaintiff and in favor of defendant Graham. Plaintiff has timely appealed from the judgment entered in plaintiff's favor and against defendant Cusentino. Defendant Cusentino timely filed a cross-appeal which prays that the appellate court find defendant Graham negligent and the proximate cause of plaintiff's injury and the plaintiff contributorily negligent because of defendant Graham's acts and therefore to direct that judgment be entered for defendant Cusentino.

■■ All parties have filed briefs in the cross-appeal and all but defendant Graham in the direct appeal. Defendant Graham has filed a motion to dismiss defendant Cusentino's appeal and we earlier decided to take the motion with the case. At the outset we will initially decide this motion and then proceed to the issues raised in the direct appeal on the merits. The motion to dismiss the cross-appeal is grounded upon the argument that defendant Cusentino lacks standing to cross-appeal as to defendant Graham because of Cusentino's failure to file a post-trial motion as to the specific issues he raises on his cross-appeal. A brief discussion of the applicable Supreme Court Rules will provide the means for understanding our denial of defendant Graham's motion to dismiss. Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)) provides the rules governing cross-appeals. That rule provides the time within which both a notice of appeal and a notice of cross-appeal must be filed. A cross-appeal must be filed within 10 days of the notice of appeal which must itself be filed within 30 days after the entry of the judgment appealed from or within 30 days of the entry of an order disposing of a timely post-trial motion. Such a filing is jurisdictional. In the instant case defendant Cusentino's notice to cross-appeal was timely filed and the motion to dismiss by defendant Graham is without merit. We chose, therefore to deny the motion and find that we properly have jurisdiction in the cross-appeal.

Defendant Cusentino contends that Supreme Court Rule 303(a) excuses the necessity of his filing a post-trial motion to preserve the issues he raises on his cross-appeal. We do not agree with his contention. Rule 303(a) provides some leniency to a strict adherence to filing a notice of appeal within 30 days of the entry of the final judgment or denial of a post trial motion by allowing a cross-appellant to be excused from filing his notice to cross-appeal within that same 30-day period. The rule gives the cross-appellant an additional 10 days from the notice of direct appeal to file and still be timely. The supreme court, while allowing this special treatment to cross-appellants, or others who wish to join in the appeal, did not intend to waive the requirements of any other Supreme Court Rules. Although we agree with defendant Cusentino that we have jurisdiction to decide his cross-appeal, we will dispose of it on other procedural grounds even though we deny defendant Graham's motion to dismiss. It is our interpretation of Supreme Court Rule 303(a) that it does not expressly or impliedly excuse the need for filing a proper post-trial motion to preserve the issues raised in the cross-appeal. Cusentino's reliance on the liberal language concerning Supreme Court Rule 303(a) in *Kenny v. Churchill Truck Lines Inc.* (4th Dist. 1972), 6 Ill. App. 3d 983, 286 N.E.2d 619, is misplaced as that case is clearly distinguishable. Supreme Court Rule 366(b)(2)(iii) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(2)(iii)) provides

that in jury cases a party may not urge on review an issue not argued, and therefore preserved, in his post-trial motion. In the instant case cross-appellant did not file a timely post-trial motion on the points he raises on appeal. The reason for requiring the issues to be presented to the trial judge in jury cases in the form of a post-trial motion is to allow the trial court to have the chance to correct any error that may have occurred before the case is appealed. Defendant Cusentino did not give the trial court this opportunity and it is our holding that he thereby waived consideration of those issues which he now argues in his cross-appeal.

We must present the facts surrounding this personal injury action and outline the evidence as it unfolded at the trial to address the issues raised on the direct appeal by the plaintiff. The automobile crash occurred November 29, 1974, at about 10:30 or 10:45 a.m. at the intersection of Hamilton and Jefferson in Peoria, Illinois. Plaintiff was a passenger in an auto driven by defendant Pamela Graham on Hamilton Street. Defendant Cusentino was southbound on Jefferson in his car. The car in which plaintiff was riding stopped at the intersection on the red light of the traffic signal. When the light changed to green the car with plaintiff as a passenger entered the congested intersection and attempted to cross through the Jefferson Street traffic remaining from the last signal change. As the traffic signal began to repeat its sequence, and was yellow, the defendant Cusentino's auto entered the intersection from Jefferson on the north and collided with the Graham auto completely spinning it around and allegedly causing the injuries complained of by plaintiff.

At the trial plaintiff presented detailed evidence of her pain and suffering and a history of the treatment she received for her injuries. She initially saw two doctors, Dr. Roark and Dr. O'Brian. She was then hospitalized for 12 or 13 days and consulted Dr. McMenamin. At the time of the trial Dr. O'Brian had moved his practice to Florida and Dr. Roark had retired. Only Dr. McMenamin testified. The following medical bills were incurred by the plaintiff and were accordingly admitted or refused admission into evidence as indicated:

| Exhibit No. 1 | Dr. McMenamin | $ 135.00 | admitted |
|---|---|---|---|
| Exhibit No. 2 | R.O.L. Clinic | 135.00 | excluded |
| Exhibit No. 3 | Medical & Surgical Supply | 41.48 | admitted |
| Exhibit No. 4 | Dirkse, Anderson | 6.00 | admitted |
| Exhibit No. 5 | St. Francis Hospital | $1,178.98 | excluded |
| | | $1,496.56 | |

Although plaintiff testified that exhibit No. 5 was paid, but not paid by her, the trial court elected to exclude the exhibit.

Dr. McMenamin testified in relating the medical history of plaintiff that

she had been in another accident 6 years earlier and was hit in the side but not hurt. Plaintiff denied having suffered any similar back injury prior to the November 1974 accident, but admitted having had prior nontraumatic back problems. Defendant Cusentino's attorney commented during closing argument that plaintiff had sustained back trouble in relation to an accident six years before the present accident. Plaintiff objected to this statement but the trial court overruled the objection. At the close of the case the trial court submitted Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971) (hereinafter cited as IPI Civil) relating to the jury drawing an adverse inference from plaintiff's failure to call either of her two treating physicians to testify. Plaintiff's objection to this jury instruction was overruled.

■■ ■ Plaintiff's first assertion of error is that the trial court erred in holding that the paid hospital bill from St. Francis Hospital was not admissible into evidence. Upon finding that the $1,179.98 hospital bill was paid but not paid by plaintiff, the trial judge refused to admit the bill ruling that the paying of a bill did not render it prima facie reasonable unless the plaintiff paid it. The basis of the trial court's refusal to admit the bill into evidence was that no foundation was laid because plaintiff could not testify that she paid the hospital bill herself and therefore the reasonableness of the bill was never established by a competent witness. The rule has long been established that a prima facie proof of reasonableness of hospital and surgical expenses is proved by plaintiff simply proving payment of the bills. (*Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344, 150 N.E.2d 276.) The rationale for the rule is the desire to eliminate unnecessary cost to the parties and inconvenience to the public by having to call multiple witnesses. (See *Smith v. Champaign-Urbana City Lines, Inc.* (4th Dist. 1969), 116 Ill. App. 2d 289, 252 N.E.2d 381.) In *Williams v. Matlin* (1st Dist. 1946), 328 Ill. App. 645, 66 N.E.2d 719, the appellate court held that payment of a doctor bill was prima facie evidence that the bill was reasonable where the testifying plaintiff paid the bill. In a somewhat similar case the damages to a store were established and the amount and reasonableness were allowed to be shown by the repair bills that were paid by the plaintiff. (*Lucas v. Bowman Dairy Co.* (1st Dist. 1964), 50 Ill. App. 2d 413, 200 N.E.2d 374.) The prevailing rule is that the hospital or doctor's bill is prima facie reasonable and a proper foundation is laid when plaintiff testifies that the bill was for services rendered to her and that the bill has been paid regardless of who paid it. To require otherwise would unnecessarily inconvenience both the parties, the court, and the public by requiring doctors and other medical or hospital personnel to leave their normal duties to testify to a matter which should otherwise go undisputed. The case of *Skaggs v. Junis* (2d Dist. 1960), 27 Ill. App. 2d 251, 169 N.E.2d 684, is controlling. There the court held that doctor bills were reasonable and admissible where they

were paid by a minor's parents and by public welfare. We therefore hold that the trial court erred in not admitting plaintiff's paid hospital bill from St. Francis Hospital.

■■ The second issue raised by plaintiff's appeal is whether the trial court committed error in giving, over plaintiff's objection, IPI Civil No. 5.01 under the circumstances presented by this case. IPI Civil No. 5.01 allowed the jury to draw an adverse inference from plaintiff's failure to call Dr. O'Brian and Dr. Roark, who were the treating physicians for the injuries or back problems suffered by her. IPI Civil No. 5.01 provides in part that in order for the adverse inference to be drawn the witness must be under the control of the plaintiff, could have been produced by the exercise of reasonable diligence, and the witness was not equally available to the adverse party. The instruction is an embodiment of the rule that the failure of a party to produce testimony within his control creates a presumption that the evidence if produced would have been adverse to her. We agree with plaintiff's argument that the giving of IPI Civil No. 5.01 as offered by defendant Graham was error. In *Department of Transportation v. Gonterman* (5th Dist. 1976), 41 Ill. App. 3d 62, 354 N.E.2d 76, an expert appraisal witness of the plaintiff in a condemnation proceeding was held to not be under plaintiff's control for purposes of IPI Civil No. 5.01 and the same treatment should be given to the two doctors who treated plaintiff in the case at bar. Additionally in *Greim v. Sharpe Motor Lines* (3d Dist. 1968), 101 Ill. App. 2d 142, 242 N.E.2d 282, we held that a similar treating physician was equally available to both parties and the questioned instruction should not have been given in that case. Under the factual circumstances of the present case with Dr. Roark having retired from the practice of medicine and Dr. O'Brian having moved his practice to Florida, we cannot escape from drawing the conclusion that both doctors were equally available or unavailable to both parties. IPI Civil No. 5.01 should not have been given to the jury. The case of *Santiemmo v. Days Transfer, Inc.* (1st Dist. 1956), 9 Ill. App. 2d 487, 133 N.E.2d 539, also involves the failure to call an examining doctor but the case is otherwise clearly distinguishable factually and not controlling.

■■ Defendant Cusentino also contends that the IPI Civil No. 5.01 was not offered by him but rather by defendant Graham and since this appeal by plaintiff is only taken as to defendant Cusentino no jurisdiction as to this issue lies. We disagree. It is an issue raised by the appellant that must be met by Cusentino.

■■ Plaintiff raises as a third issue whether the trial court erred in allowing defendant Cusentino's attorney to argue during closing summation that plaintiff had had a similar prior back injury. Counsel cannot supply new or additional facts to the jury that are not in the record by way of closing arguments. (*Ferrer v. Vecchione* (1st Dist. 1968), 98 Ill. App. 2d 467, 240 N.E.2d 439.) Here Dr. McMenamin, plaintiff's treating

physician testified of a prior similar accident reported to him by plaintiff as part of her own medical history. Although plaintiff denied any prior similar back injury from a prior accident in her own testimony, we believe the record contains sufficient factual evidence for defense counsel to infer a prior back injury may have occurred and to have commented thereon in his summation to the jury. However, defendant Cusentino's attorney exceeded the bounds of proper comment when he stated that plaintiff had had some prior back problems related to an earlier accident six years before. The record does not support his argument that there was any injury related to that accident. We believe the trial court erred in allowing defendant's attorney to so argue to the jury. In view of our reversal and remand for other reasons we merely call attention to this error.

■■ Having decided that error occurred in the trial, both with regard to the exclusion of plaintiff's paid hospital bill and with regard to the giving of jury instruction IPI Civil No. 5.01, we must decide whether to reverse and remand the case for a complete new trial or only on the issue of damages alone as plaintiff urges. We are guided on this issue by the case of *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275, where the supreme court held that a remand for a new trial on the issue of damages alone was proper where the damage issue was clearly separable from the liability issue. The issues of liability and damages are clearly separable here. Moreover, the errors that occurred here relate solely to the damage issue. In *Hamas v. Payne* (2d Dist. 1969), 107 Ill. App. 2d 316, 246 N.E.2d 1, the court ruled that a new trial as to damages alone was proper where the jury award was much less than the actual damages proved at trial. In the present case, taking into consideration the plaintiff's paid hospital bill amounting to $1,178.98 which was erroneously excluded from evidence, it clearly appears that the jury's award of damages was inadequate. In the recent case of *Duncan v. Peoria Yellow Checker Cab Corp.* (3d Dist. 1977), 45 Ill. App. 3d 653, 359 N.E.2d 1242, we ordered a new trial on all issues because not only were the damages clearly inadequate but it was apparent that the jury made a compromise between defendant's guilt and plaintiff's damages. Here the evidence indicates defendant Cusentino's liability was clear and the record amply supports the jury verdict finding defendant Cusentino negligent.

We conclude that the judgment of the Circuit Court of Peoria County should be reversed and that the case be remanded solely for the purpose of a new trial on the issue of plaintiff Wanda Flynn's damages.

Reversed and remanded for trial on damages only.

STENGEL, P. J., and SCOTT, J., concur.