JUSTICE ALLOY
 

 delivered the opinion of the court:
 

 This action for money damages (by reason of personal injuries) was brought by the plaintiff-appellee, James A. Bisset, against defendants-appellants, village of Lemont and Joseph A. Schudt & Associates, based upon the provisions of the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 et seq.). Plaintiff was injured on August 31, 1979, in the course of construction of a public sewer improvement project located on McCarthy Road in the village of Lemont. At the time of the accident, plaintiff was employed by Central States Engineering, the general contractor on the job.
 

 Plaintiff filed suit against the village of Lemont, the owner of the project, and Joseph A. Schudt & Associates, the project engineer, on the theory that the two defendants were “in charge” of the construction and had violated the provisions of the Structural Work Act by failing to take adequate safety precautions on this construction site. The jury trial was held on the issues on December 9, 1982, through December 15, 1982. At the conclusion of the trial, the jury rendered a general verdict in favor of both defendants. In answer to special interrogatories submitted by the defendants, the jury found that neither the village nor the engineer was in charge of the work. Judgment was entered on the verdict.
 

 Plaintiff’s post-trial motion was filed on January 13, 1983. On February 9, 1983, the trial judge entered an order granting plaintiff a new trial on all issues and as to both defendants.
 

 On appeal in this court, the defendants contend that the trial judge abused his discretion in overturning the jury’s general and special verdicts and in ordering a new trial on all issues as to defendant village of Lemont and defendant Schudt. The plaintiff asserts that his timely objections were sufficient to preserve the errors and his right to ask for a new trial. Plaintiff also contends that the trial court was correct in ordering a new trial as to both defendants even though only the attorney for defendant Schudt made improper remarks in his closing argument.
 

 Plaintiff contends that defense counsel for Schudt engaged in an ongoing process of improper conduct, including prejudicial closing argument and other utterances designed to be prejudicial and constituting reversible error. Plaintiff also asserts that the trial court erred in failing to admit into evidence admissions by the defendants in certain pleadings filed in the cause.
 

 It is clearly established that improper argument and misconduct by an attorney is a sufficient basis for the award of a new trial. (Panelle v. Chicago Transit Authority (1964), 31 Ill. 2d 560, 202 N.E.2d 484.) Furthermore, it is established that a trial court’s decision to grant a new trial on that basis is to be accorded great deference, and will not be disturbed on appeal absent a clear abuse of discretion. (Allen v. Dhuse (1982), 104 Ill. App. 3d 806, 433 N.E.2d 356.) This is because the attitude and demeanor of counsel, as well as the atmosphere of the courtroom, cannot be reproduced in the record, and the trial court is in a superior position to assess and determine the effect of improper conduct on the part of counsel. It is the court’s duty to prevent prejudicial conduct at trial, and to grant a new trial where such conduct has occurred. Manninger v. Chicago & Northwestern Transportation Co. (1978), 64 Ill. App. 3d 719, 381 N.E.2d 383.
 

 As noted, the trial court in the instant case determined that counsel for Schudt had engaged in improper and prejudicial misconduct requiring that plaintiff receive a new trial. We find no abuse of discretion in that decision.
 

 Counsel for Schudt, in his opening statement, announced that “anybody with a few dollars can bring a lawsuit.” Counsel also engaged in overzealous and repeated objections during the trial, despite the court’s actions in overruling the objections. There is no point in detailing that conduct. Counsel, in closing argument, then continued in his improper behavior. He began by arguing to the jury that the plaintiff has “omitted to sue the right person.” Objection was made and sustained with the court informing the jury that this issue was not for their consideration. Counsel’s comment was clearly improper. Then he argued to the jury that plaintiff had to prove that a' scaffold was being used in order to recover. This statement was clearly wrong, and counsel had to know it. The court sustained objection and informed the jury that it had previously ruled that a trench was covered by the Act. This was part of a pattern of conduct by counsel in referring to the Act, which was obviously designed to confuse and confound the jury by emphasizing the literal words and ignoring established judicial construction. On another occasion, counsel for Schudt asserted that Central States had safety engineers on the job site, but there was no evidence of that before the court. Counsel, after objection and sustention, asked the jury to disregard his comment. He also engaged in improper speculation concerning judicial construction of the Scaffold Act, including informing the jury that there would be no issue instruction concerning what the words “in charge of” or “having charge of” meant and that mere inspection is not enough. During trial, counsel also made disparaging remarks about plaintiff’s expert, as well as asked baseless questions obviously designed to put plaintiff in an unfriendly light before the jury.
 

 We have no difficulty in concluding that the trial court did not abuse its discretion in finding that the conduct of Schudt’s counsel constituted prejudicial and reversible error.
 

 The defendant Schudt argues that plaintiff’s failure to seek a mistrial waived the issue of his right to a new trial. We disagree. Other courts have found that even where there were no objections, or where objections were sustained but there was no motion for mistrial, the plaintiff may still seek and obtain a new trial. (Bale v. Chicago Junction Ry. Co. (1913), 259 Ill. 476, 102 N.E.2d 808; Khatib v. McDonald (1980), 87 Ill. App. 3d 1087, 410 N.E.2d 266.) We find that the plaintiff’s timely objections to counsel’s improper conduct were sufficient to preserve the error and his right to ask the trial court for a new trial. (Appel v. Chicago City Ry. Co. (1913), 259 Ill. 561, 102 N.E.2d 1021.) Further, as noted, the trial judge, the person best positioned to assess the effect of the misconduct by counsel, determined that it had a prejudicial effect and required a new trial.
 

 Schudt, in an attempt to prevent a retrial, also attempts to resurrect the requirement of a “motion to withdraw a juror.” It is no longer necessary, in order to preserve the issue of improper conduct of counsel before the jury, for counsel to move to withdraw a juror. (See Torrez v. Raag (1976), 43 Ill. App. 3d 779, 357 N.E.2d 632.) Such technical requirements no longer prevent a court from assessing the issue of prejudicial conduct, where timely objections to such conduct are made and where the issue is presented by way of post-trial motion. To premise any review of improper conduct by counsel upon the rather arcane motion to withdraw a juror is to preserve a remnant of the old pleading rules, and defeat the ends of justice. We reject counsel’s suggestion regarding the necessity of the motion to withdraw a juror. We also reject his suggestion that it is necessary to move to have the jury instructed to disregard a comment or statement in order to subsequently premise a new trial request upon that conduct. Such a requirement, in many cases, would only serve to underline and emphasize improper statements, to the objector’s disadvantage. There is no such requirement.
 

 Although it was only counsel for Schudt who engaged in prejudicial and improper conduct, constituting reversible error, nevertheless the trial court ordered that a new trial as to both defendants, Schudt and the village of Lemont, be held. We find that this action by the trial court was correct, in light of the circumstances of the case.
 

 The village of Lemont, understandably, contends that the court abused its discretion in ordering a new trial as to the village, complaining that its counsel engaged in no prejudicial or improper conduct. However, it must be noted that the issues respecting liability were the same as to both defendants, and hinged upon whether they were in charge of the construction and whether a violation of the Act occurred. Thus, while there were certainly differences in the substance of their defenses and arguments, their general positions before the jury were essentially the same. Furthermore, the basis for the court’s award of a new trial is its determination that the jury’s decision in the case was not based upon the merits, but was improperly influenced by prejudicial conduct. That the positions of the defendants were different does not alter the fact that the court determined, assessing all the circumstances, that the verdicts were the result of prejudice, not a consideration of the merits. We find no basis to distinguish or sort out the prejudicial influence as it relates to each defendant. The prejudice was to the plaintiff, and the court concluded that it was significant enough to effect the jury’s verdict as to both defendants. We find no abuse of discretion in that decision.
 

 Where it is impossible to separate the defendants as to the harm that might have been done in the minds of the jury, justice requires a retrial as to both. (Blake v. Mahaffey (1976), 39 Ill. App. 3d 724, 350 N.E.2d 883; Roberts v. Hyland Builders Carp. (1962), 34 Ill. App. 2d 276, 181 N.E.2d 197.) That is the situation in the instant case.
 

 We find no abuse of discretion in the court’s decision to grant a new trial as to both defendants, and, accordingly, we affirm.
 

 Affirmed.
 

 STOUDER, P.J., and SCOTT, J., concur.