Iler W. Voss, Plaintiff-Appellant, *v.* Kingdon and Naven, Incorporated, Defendant-Appellee.

(No. 72-76;

Third District—December 21, 1972.

Lester B. Smith, of Peoria, for appellant.

Lyle W. Allen, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Iler W. Voss, hereinafter referred to as plaintiff, brought an action in the circuit court of Tazewell County against Kingdon and Naven, Inc., hereinafter referred to as defendant, alleging that he was injured due to the collapse of a scaffolding, and that defendant was liable for the damages under the Illinois Structural Work Act. (Ch. 48, Sec. 60—69, Ill. Rev. Stat.) The trial court, at the close of all the evidence, directed a verdict for the defendant.

The issues presented for appeal are: (1) whether the trial court was correct in granting a directed verdict and denying a new trial, (2) whether the defendant was in charge of the work as contemplated by the Structural Work Act, and (3) whether the trial court erred in refusing to allow into evidence the Illinois Health and Safety Act rules and the National Building Code for the limited purpose of showing that the defendant knew or should have known in the exercise of reasonable care of the standard of care and conduct applicable to a safe, suitable and proper scaffold.

■■ Relative to the first issue, both the plaintiff and defendant agree the proper statement of the law as to the standard a trial court should use in granting a directed verdict is found in *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, which states:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

In the instant case evidence was adduced that the defendant had a

contract with the city of Pekin to provide preliminary and construction engineering services for the Pekin Sewage Disposal Plant. That further the defendant drew the contract for this job between C. Iber & Sons (plaintiff's employer) and the city of Pekin, and was to provide inspection of the work to assure compliance with the plans and specifications. It is clear from the evidence that defendant had a resident engineer at the job site, who could stop the work when he deemed it necessary to do so. The plaintiff was injured when a scaffold collapsed at the job site, and the reason for the collapse was due to the removal of a vertical support. Evidence was also adduced that defendant's resident engineer knew of the function the vertical support served, of its removal earlier in the day, and that defendant did nothing to see that a safe, suitable and proper scaffold was maintained.

In the case of *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*, 22 Ill.2d 305, 175 N.E.2d 785, there was a question of whether the defendant was in charge of the work within the meaning of the Structural Work Act when the defendant prepared the engineering and architectural plans and inspected the construction project. The court stated that:

> "Under these circumstances, it was at most a disputed question of fact whether the owner could be deemed to be in charge of the construction within the meaning of the act, and it would be the province of the jury, under proper instructions, to make that determination."

■■  Also, in *Carlson v. Metropolitan San. Dist. of Greater Chicago*, 64 Ill.App.2d 331, 213 N.E.2d 129, the court considered whether a jury question was presented on the issue "having charge of" the work. The court stated:

> "Consistent with tenet of liberal construction expressed in Gannon and Kiszkan the courts have uniformly held that as long as there is evidence connecting the owner or any other person named in the Act, with the work, a jury question is presented."

■■  In light of the evidence, the *Pedrick* standard, and the above cases we believe that the directed verdict was improperly granted and that plaintiff should be granted a new trial.

Since this issue is dispositive of this appeal we do not deem it necessary to consider the other issues presented for review.

The case is reversed and the cause remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.