PAUL BEEBE, Plaintiff-Appellant, *v.* COMMONWEALTH EDISON COMPANY, Defendant-Appellee.

Third District  No. 75-347

Opinion filed January 11, 1977.

44

McConnell, Kennedy, Quinn & Morris, of Peoria (William Thomas, of counsel), for appellant.

Cassidy, Cassidy & Mueller, of Peoria (David B. Mueller, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal by the plaintiff, Paul Beebe, is from a jury verdict entered in favor of defendant, Commonwealth Edison Company, upon a complaint alleging defendant's violation of the Structural Work Act. Ill. Rev. Stat. 1971, ch. 48, par. 60-69.

On July 21, 1971, plaintiff was employed by the McDowell-Wellman Eng. Co. as a journeyman ironworker and was performing repair work on the premises of Edison's coal transfer plant at Havana, Illinois. In order to perform the work plaintiff was assigned, it was necessary that some type of elevated structure of scaffold be used. Plaintiff and his assistant positioned a single plank between two supports to reach each day's work. So positioned, the plank rested above an empty hopper. While plaintiff was standing on the plank using a sledgehammer, one or both ends of the plank slipped from its support and plaintiff fell into the empty hopper below, causing the injuries complained of in this action. It is uncontroverted that neither end of the plank was secured.

Edison is the owner of the physical facility at Havana, but the plant operations are conducted by Chicago, Illinois, & Midland Railroad Co. pursuant to an operating agreement between Edison and Midland. Midland was responsible for examining all equipment for signs of excessive wear. When the inspections indicated the need for possible repairs on machinery designed and built by McDowell-Wellman, McDowell-Wellman would be called in for an independent opinion and submit a report to Edison concerning the need for repairs. If Edison found from these reports that repairs were necessary, a purchase order

would be issued for the repair work. McDowell-Wellman was engaged in performing work pursuant to such to purchase order when the plaintiff sustained his injuries.

One of the allegations in plaintiff's complaint charges that Edison was one of the persons "having charge of" repair work on the Havana plant. Liability under the Structural Work Act can only be imposed upon persons in charge of the work on which the plaintiff was injured. (Ill. Rev. Stat. 1971, ch. 48, par. 69.) Whether or not the defendant was in charge at the time of plaintiff's injury is the primary question raised on this appeal. The plaintiff primarily relies on certain provisions of the contract between Edison and Midland in support of his assertion that Edison was in charge of the work as a matter of law. The various relevant provisions provide, *inter alia*: (1) no subcontracts shall be let without the written authorization of Edison; (2) Edison shall have the option of specifying routing for shipments of necessary work materials; (3) in case of emergency affecting the safety of lives, work, premises or adjoining public property, where time reasonably permits, McDowell would apply to Edison for special instructions and these instructions would be followed by McDowell; (4) Edison has the right to remove from the job "any particular workman or workmen which the owner Edison may designate as unfit or unskilled"; (5) Edison may whenever the work is falling behind schedule, order overtime, extra men or double shifts at no additional costs. Plaintiff asserts that the foregoing rights, in conjunction with Edison's ownership of the property, establishes that Edison is a person in charge within the meaning of the Structural Work Act. Plaintiff contends that with such control of the manner and detail of the performance of the work, Edison cannot escape liability by having failed to send a qualified representative to the work site to exercise its retained control. Defendant responds that it was properly a jury question and the jury's verdict is amply supported by the evidence. It was stipulated by the parties that none of these contract rights set forth above were ever exercised and that Edison had no men on the job and was involved only to the extent of authorization and payment.

■■ As was previously stated, the jury found for the defendant in a general verdict. To reverse the jury's verdict for the defendant, as plaintiff urges us to do, we must find that all the evidence, when viewed in its aspects most favorable to the defendant, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504.

■■■ The limitation expressed in the phrase "having charge of" has been the subject of a number of Illinois Supreme Court decisions during the last two decades. Initially, an owner of property was deemed susceptible to liability simply by virtue of holding title to the property where the injury occurred. (*Kennerly v. Shell Oil Co.*, 13 Ill. 2d 431, 150

N.E.2d 134.) This position was later rejected by *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*, 22 Ill. 2d 305, 175 N.E.2d 785, which held that the act was intended to be applied only to those persons whose relationship to the work is such that they may factually be considered in charge. The absolute liability of an owner under *Kennerly* was replaced by a factual determination under *Gannon*. In *Larson v. Commonwealth Edison Co.*, 33 Ill. 2d 316, 211 N.E.2d 247, our supreme court found the phrase "having charge of" was a generic term composed of numerous factors and as such, not susceptible of a precise legal definition. Whether the particular connections and activities in a given case are such that an owner could be deemed to have charge was a question of fact for the jury to determine. (*Larson v. Commonwealth Edison Co.*, 33 Ill. 2d 316, 322, 211 N.E.2d 247, 251.) While several Illinois Supreme Court decisions have addressed the issue of having charge as being one of a matter of law, those decisions have generally rested on a concept that an allegation of having charge must have some foundation in fact to be properly left to the jury. (See *Carruthers v. B. C. Christopher & Co.*, 57 Ill. 2d 376, 313 N.E.2d 457; *Warren v. Meeker*, 55 Ill. 2d 108, 302 N.E.2d 54; *Van Dekerkhov v. City of Herrin*, 51 Ill. 2d 374, 282 N.E.2d 723. See also *Kaminski v. Missionary Sisters of the Sacred Heart*, 62 Ill. App. 2d 216, 210 N.E.2d 794.) The decision in *Carlson v. Metropolitan Sanitary District*, 64 Ill. App. 2d 331, 213 N.E.2d 129, succinctly expressed this concept.

> "Consistent with the tenet of liberal construction expressed in Gannon and Kiszkan the courts have uniformly held that as long as there is evidence connecting the owner or any other person named in the Act, with the work, a jury question is presented." 64 Ill. App. 2d 331, 338, 213 N.E.2d 129, 133.

In a variety of differing contexts, such as an appeal from an adverse jury verdict, directed verdicts and judgments *n.o.v.*, the Illinois Supreme Court has generally held since *Larson*, that whether a defendant in an action is to be considered as "having charge of" is a question of fact for the jury's determination. *McInerney v. Hasbrook Construction Co.*, 62 Ill. 2d 93, 338 N.E.2d 868; *Voss v. Kingdon & Naven, Inc.*, 60 Ill. 2d 520, 328 N.E.2d 297; *McNellis v. Combustion Engineering, Inc.*, 58 Ill. 2d 146, 317 N.E.2d 573; *Kobus v. Formfit Co.*, 35 Ill. 2d 533, 221 N.E.2d 633. See also *McGovern v. Standish*, 65 Ill. 2d 54.

■■■ In the present case there was evidence connecting Edison with the work being done on the Havana plant. The control retained by Edison in the contract with McDowell was sufficient to raise a factual question of whether or not Edison was in charge. (See *Miller v. DeWitt*, 37 Ill. 2d 273, 226 N.E.2d 630; *Isabelli v. Cowles Chemical Co.*, 7 Ill. App. 3d 888, 289 N.E.2d 12.) But the actual exercise of supervision and control over the

work or even the retention of the right to supervise and control "are not necessary or conclusive factors, nor is either made a *sine qua non* for liability under the statute." (*Larson v. Commonwealth Edison Co.*, 33 Ill. 2d 316, 322, 211 N.E.2d 247, 251.) Rather, it is for the jury to determine whether the particular connections and activities in a given case are such that an owner is in charge within the meaning of the Structural Work Act. Both parties presented evidence to support their respective positions and we are constrained to hold that the issue was properly submitted to the jury and there was sufficient evidence to support the jury's verdict.

Objection is also made by plaintiff to the trial court's rulings on the admissibility of certain portions of the testimony and several instructions that were given. The testimony elicited from several witnesses, including plaintiff, generally concerned the previous custom of plaintiff and other ironworkers in erecting, inspecting, and testing scaffolds used in their trade. Portions of the testimony concerned common practices for making a scaffold safe and reliable, while other portions referred to whether plaintiff was aware of these practices or had ever been instructed in them. The instructions were those provided in the Illinois Pattern Jury Instruction, Civil (2d ed. 1921) or slight modifications thereof. In support of his claim, plaintiff argues that the objectionable testimony and instructions allowed the jury to consider the conduct of plaintiff as a defense to a violation of the Structural Work Act by the defendant.

■■ ■ One of the objectives of the Structural Work Act is to deter injuries to individuals employed in dangerous or extra-hazardous occupations. In order to effectuate such a purpose, the courts of this state have consistently ruled that contributory negligence and assumption of the risk are not defenses to a violation of the Act. (*Palier v. Dreis & Krump Manufacturing Co.*, 81 Ill. App. 2d 1, 225 N.E.2d 67.) Nor is it a defense to a defendant liable under the Act that the plaintiff may have been concurrently at fault. (*Gundich v. Emerson-Comstock Co.*, 21 Ill. 2d 117, 171 N.E.2d 60.) However, it is incumbent for the plaintiff to establish a causal connection between any violation of the act and the injury to plaintiff. See *Schultz v. Henry Ericsson Co.*, 264 Ill. 156, 106 N.E. 236.

■■ ■ Once a wilful violation of the act by a person in charge has been shown to be the proximate cause of plaintiff's injury, then any testimony regarding plaintiff's conduct is immaterial and irrelevant, since concurrent fault is not a defense to liability under the Structural Work Act. However, we are not prepared to say, as plaintiff would have us to, that evidence regarding plaintiff's conduct and previous experiences was neither relevant nor material for the jury to consider along with all other evidence in reaching its verdict. What is the proximate cause of an injury is normally a question of fact for the jury, to be determined from a consideration of all attending facts and circumstances. (*Schultz v. Henry*

*Ericsson Co.,* 264 Ill. 156, 106 N.E. 236.) It was proper for the jury to hear this testimony, not only on the issue of causation, but also on the issue of "having charge of." Nor do we find error in the instructions. The instructions as a whole, including those objected to by plaintiff, correctly informed the jury of the applicable law.

Finding no error committed by the trial court, the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.