WILLIAM KJELLESVIK, Plaintiff-Appellee and Cross-Appellant, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.—(SYMONS MANUFACTURING CO., Defendant-Cross-Appellee.)

First District (1st Division) No. 77-1182

Opinion filed June 18, 1979.

Donald G. Peterson, of Schaffenegger, Watson, Peterson, Ltd., of Chicago, for appellant.

Peter Fitzpatrick and Richard F. Lee, both of Peter Fitzpatrick & Assoc., of Chicago, for appellee.

Ruff and Grotefeld, Ltd., of Chicago (John J. Reidy, of counsel), for cross-appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff William Kjellesvik was injured when he fell from a sliding concrete form he was using as a scaffold while constructing a power facility for defendant Commonwealth Edison Company. The sliding concrete form was manufactured by defendant Symons Manufacturing Company. At the close of plaintiff's case during his jury trial, the trial court directed a verdict in favor of defendant Symons. The trial court denied defendant Edison's motion for a directed verdict. The jury subsequently returned a verdict in plaintiff's favor. Defendant Edison made a motion for a judgment notwithstanding the verdict and it was denied.

Defendant Edison appeals arguing that its motions for a directed

verdict and judgment notwithstanding the verdict were improperly denied because (1) it did not commit a wilful violation of the Structural Work Act since it had no personnel at the job site on the day of the accident to make safety inspections; (2) the alleged violations of the Act were not the proximate cause of plaintiff's injuries and (3) defendant Edison was not "in charge of" the particular operations which caused plaintiff's injuries

Plaintiff has filed a cross-appeal arguing that the trial court erroneously granted a directed verdict in favor of defendant Symons on the basis of plaintiff's assumption of risk.

We affirm.

Plaintiff William Kjellesvik was employed as a carpenter by the Gust K. Newburg Construction Company (Newburg). Newburg had been hired by defendant Commonwealth Edison Company (Edison) to act as a general contractor for the construction of a power facility being built by Edison. On November 11, 1973, plaintiff was directed by his foreman at Newburg to work in a tunnel then under construction. His task was to assemble a concrete form by bolting panels to trusses. To accomplish this he stood on two 8-foot planks supported by the bottom truss of the Symons Sliding Concrete Form, which was manufactured by defendant Symons Manufacturing Company. The two supporting bottom trusses were approximately 4 feet apart which left an overhang at both ends of the planks of approximately 2 feet. In bolting the panels, plaintiff moved along the planks until he reached the bottom truss. It is undisputed that there were no guardrails or toe boards at the ends of the planks. Neither were the planks wired down, which is a customary safety measure. As plaintiff moved to the end of the planks, beyond the support of the bottom truss, the planks tilted, causing plaintiff to tumble to the ground and incur injuries.

As a result of his injuries, plaintiff filed a suit for personal injuries against Edison under the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*) and against Symons on the theory of products liability. At the close of plaintiff's case, the trial court directed a verdict in favor of Symons. The jury, however, returned a verdict in plaintiff's favor against Edison. Edison appeals from the trial court's denials of its motions for a directed verdict at the close of plaintiff's case and for judgment notwithstanding the verdict. Plaintiff has filed a cross-appeal from the order of the trial court directing a verdict in favor of Symons.

On appeal, Edison argues that the trial court erroneously denied its motions for a directed verdict and judgment notwithstanding the verdict. In support of this argument, Edison first contends that because it had no field engineers whose job it was to insure job safety on the job site on the day of the accident, there was no "wilful violation" of the Structural Work Act.

■▊■ For there to be a "wilful violation" of the Structural Work Act, the

defendant must either have known of, or in the exercise of ordinary care, could have known of the dangerous condition. (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 336 N.E.2d 881; *Juliano v. Oravec* (1973), 53 Ill. 2d 566, 293 N.E.2d 897; *Kennerly v. Shell Oil Co.* (1958), 13 Ill. 2d 431, 150 N.E.2d 134.) The violations charged against Edison were that it permitted plaintiff to use the Symons Sliding Concrete Form as a scaffold without using guardrails, toe boards, securing the planks, or insuring that the planks did not extend more than 12 inches beyond their end supports. On the days preceding the accident when Edison field engineers were present, 16-foot rather than 8-foot planks were used, and they were usually wired down. However, guardrails required under the Act were not utilized and Edison knew this. Given these facts, we believe the jury could have properly concluded that Edison knew, or in the exercise of reasonable care, should have known of these violations which led to plaintiff's accident. (See *Beebe v. Commonwealth Edison Co.* (1977), 45 Ill. App. 3d 43, 358 N.E.2d 1343.) Consequently, we cannot conclude that the evidence, when viewed most favorably to the plaintiff on the issue of a "wilful violation," so overwhelmingly favored the defendant that a contrary verdict could not stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

Edison next contends that the trial court erroneously denied its motions for a directed verdict and judgment notwithstanding the verdict, arguing its alleged violations of the Structural Work Act did not proximately cause plaintiff's injuries. Edison cites plaintiff's jury instruction, which mentioned only the failure to use guardrails and toe boards. Had the planks been wired down, Edison argues, the accident would not have occurred. Thus, the failure to use guardrails and toe boards was not the proximate cause of the accident, and therefore the trial court erroneously denied Edison's motions for a directed verdict and judgment notwithstanding the verdict.

■■ We disagree. During the trial, evidence was presented that indicated that the accident could have occurred even if the planks were wired down. Dr. Louis Jacobs testified that bolting the planks down was the only acceptable method of securing the planks from movement, as is required by the Act. Moreover, the jury could have properly concluded that utilization of guardrails and toe boards could have prevented the accident by preventing the plaintiff from inadvertently moving beyond the end support of the bottom truss. Indeed, it appears to us that observance of these safeguards, rather than merely wiring down the planks and hoping they were sufficiently secure, could have better prevented this accident. As stated in *Beebe v. Commonwealth Edison Co.* (1977), 45 Ill. App. 3d 43, 358 N.E.2d 1343, proximate cause of an injury is normally a question of fact

for the jury, to be determined from a consideration of all attending facts and circumstances. Under the facts in this case we think the evidence amply supports the jury's finding that the violations alleged under the Structural Work Act were the proximate cause of the plaintiff's injuries.

Lastly, Edison argues that the evidence failed to establish that it was in charge of the particular operation from which plaintiff's injuries arose. On this basis, Edison argues that the trial court therefore erroneously denied its motions for a directed verdict and judgment notwithstanding the verdict. In support of this view, Edison relies on the fact that it had no personnel on the job site on the day of the accident, and also that Newburg supplied the planking, wire and concrete forms. Edison cites *McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134, for the proposition that it cannot be held liable under the Act unless it was "in charge of" the particular operations which caused plaintiff's injuries.

■■ The phrase "having charge of" as it relates to section 9 of the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 69), has been the subject of considerable judicial interpretation. In the recent case of *Emberton v. State Farm Mutual Automobile Insurance Co.* (1978), 71 Ill. 2d 111, 373 N.E.2d 1348, the court reviewed the history of the Act and broadly interpreted "having charge of" so as to all but overrule *McGovern.* Citing *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247, the court noted that while the actual exercise of supervision and control over the work and the person doing it, or the retention of the right to so supervise and control, may be factors bearing on the factual determination whether an owner is "in charge," they are not conclusive factors. Noting the Act's beneficent purpose of preventing injury to persons employed in the extrahazardous occupation of structural work, the court stated that liability under the Act is not confined only to those who perform, supervise, or control the actual work which causes the injury, but also extends to owners and others who have charge of the erection or alteration of any building or structure. Consequently, more than one person may "have charge of" the work.

■■ The instant case is factually analogous to that presented in *Emberton* where liability was found. Here, as in *Emberton,* all or most of the work was being done by a contractor, though employees of Edison made frequent inspections of the construction activity, just as the defendant's employees did in *Emberton.* However, unlike *Emberton,* here Edison's engineers had authority, by virtue of Edison's contract with Newburg, to stop work that was not being performed in a safe manner. In *Larson,* this fact alone was found to constitute "having charge." Consequently, based on *Emberton* and *Larson,* we hold that there was sufficient evidence for the jury to find Edison as "having charge of" the construction, and it is no

defense that none of Edison's representatives were present on the day of the accident. *Beebe v. Commonwealth Edison Co.* (1977), 45 Ill. App. 3d 43, 358 N.E.2d 1343.

On cross-appeal, plaintiff William Kjellesvik argues that the trial court erred in concluding that he assumed the risk of using the defective concrete form and therefore should not have directed a verdict in favor of defendant Symons Manufacturing Company, the manufacturer of the sliding concrete form.

■■ ■ We disagree. The testimony indicated that plaintiff had been a carpenter for 37 years and knew that use of 8-foot rather than 16-foot planks was dangerous, particularly when they were not fastened down. He recognized the dangerous condition of the sliding concrete form he was using as a scaffold and yet voluntarily proceeded to use it. Clearly, there was assumption of risk. (*Ralston v. Illinois Power Co.* (1973), 13 Ill. App. 3d 95, 299 N.E.2d 497.) Further, plaintiff's assumption of risk is not nullified by his contention that he had no alternative but to use the 8-foot planks without wiring them down, even though he complained to his foreman. (*Fore v. Vermeer Manufacturing Co.* (1972), 7 Ill. App. 3d 346, 287 N.E.2d 526.) Neither is plaintiff's contention that the sliding concrete form should have been equipped with a warning that it not be used as a scaffold well taken in view of his actual knowledge of the dangers involved. *Denton v. Bachtold Brothers, Inc.* (1972), 8 Ill. App. 3d 1038, 291 N.E.2d 229.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.