GEORGE CARLTON, Plaintiff-Appellant, *v.* WALTER VERPLAETSE, Defendant-Appellee.

Third District   No. 3—83—0248

Opinion filed December 29, 1983.—Rehearing denied February 1, 1984.

Jack L. Brooks, of Laird, Chickris & Brooks, of East Moline, for appellant.

Robert J. Noe, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, George Carlton, filed suit in the circuit court of Mercer County against the defendant Walter Verplaetse seeking to recover for personal injuries incurred in a construction accident which took place on the defendant's farm. Two theories of recovery were alleged, one in common law negligence and another under the Structural Work Act. (Ill. Rev. Stat. 1981, ch. 48, par. 60 *et seq.*) A Mercer County jury denied recovery for the plaintiff on both theories and he appeals to this court.

During 1978, the defendant, Walter Verplaetse, began constructing a pole barn about 100 yards from his residence in Mercer County, Illinois. Verplaetse was constructing this building with the help of his sons and with the help of the plaintiff, George Carlton, who is his son-in-law. Work progressed slowly since it was done on days when there was time after the evening meal and on an occasional weekend. The plaintiff was not present on each occasion when work was done on the pole barn but he had assisted his father-in-law on four or five occasions when roof work was taking place.

The method of construction used in erecting the pole barn was to attach to the poles trusses which would form the frame for the roof, then to attach nailers to the trusses, and then to attach plywood to the nailers. Some of the nailers were butted, one to the other, directly over the trusses. Other nailers were butted, one to the other, between the trusses with no support underneath the butted ends. The nailer

boards were used by the defendant, the plaintiff, and others to walk on across the roof. The defendant knew where the unsupported nailer boards were located, and he was careful to avoid walking on these unsupported boards because he realized the possibility that those unsupported nailer boards would not hold the weight of a man. Nevertheless, he felt that once the plywood was nailed to the boards, the roof would be sufficiently strong.

On October 14, 1979, the plaintiff was assisting his father-in-law in work on the roof of the pole barn, when his father-in-law left the job site momentarily to retrieve a saw blade. The plaintiff was instructed by the defendant to take a break until the defendant returned. Not heeding this instruction, the plaintiff walked along one of the nailers, stepping in the area where the nailers were butted between the trusses, without support. The nailer broke and the plaintiff was injured in a resulting fall.

As discussed at the outset, upon hearing these facts, the Mercer County jury entered judgment for the defendant under both theories alleged by the plaintiff. On appeal, the plaintiff asserts that he was entitled to a judgment notwithstanding the verdict based upon the evidence before the jury, or in the alternative, that he is entitled to a new trial because of errors which allegedly occurred in the court below.

While we believe there is sufficient evidence in the record to sustain the jury's verdict for the defendant under the rules of law applicable to actions in common law negligence, we are compelled to agree with the plaintiff that as a matter of law, he was entitled to a verdict under the Structural Work Act. A review of the elements of this statutory cause of action is instructive.

In order to prove a cause of action under the Structural Work Act, a plaintiff must prove that his injury involved a device covered by the Act. The Structural Work Act applies to "all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances." (Ill. Rev. Stat. 1981, ch. 48, par. 60.) In interpreting this statute, the reviewing courts have unequivocally found that a roof, although intended to be a permanent part of a structure, is a scaffold within the statutory definition when it is temporarily used to support construction workers. (*St. John v. R.R. Donnelley & Sons Co.* (1973), 54 Ill. 2d 271, 296 N.E.2d 740; *Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 370 N.E.2d 213.) In addition, the device which constitutes the scaffold must be employed "in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure." (Ill. Rev. Stat. 1981, ch. 48, par. 60.) There can be

little question, under the facts of this case, that the nailer boards were being used by the plaintiff and the defendant in the erection and construction of the roof of the pole barn.

Another element of the cause of action is proof that the scaffold was not "erected and constructed, in a safe, suitable and proper manner *** as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon." (Ill. Rev. Stat. 1981, ch. 48, par. 60.) In the case at bar, the defendant's own testimony which is uncontradicted in the record, was that the nailer boards which were butted together without the underlying support of a truss were not sufficient to hold the weight of a man. The statute imposes liability for injuries on any owner who wilfully fails to use safe scaffolding. (Ill. Rev. Stat. 1981, ch. 48, par. 69.) The defendant by his own admission was the owner of the barn, it was being constructed on his land, and he was supervising the activities of the plaintiff. Further, the defendant knew that the unsupported nailer boards were insufficient to hold the weight of a man. The word wilfully is synonymous with knowingly. *Schultz v. Ericsson Co.* (1914), 264 Ill. 156, 106 N.E. 236.

Finally, the statute requires that before recovery for injuries will be allowed, the proof must show that the injury was "occasioned by" a failure to follow the statutory directive. (Ill. Rev. Stat. 1981, ch. 48, par. 69.) This "occasioned by" element is referred to as the proximate cause requirement. The defendant urges us to find that his provision of an unsafe scaffold was not a proximate cause of plaintiff's injuries, but rather that the injuries were solely caused by plaintiff's own negligence. We are reminded that the plaintiff had worked on the pole barn project on a number of occasions and that he was allegedly familiar with the practice of butting nailers together without an underlying truss. We are reminded that the defendant cautioned the plaintiff to take a break while the defendant left the area of the job site. We are reminded that the plaintiff, by his own admission, was not looking carefully as he walked along the nailer on the roof. Nevertheless, we must conclude that while plaintiff's actions may have been a contributing cause to his injuries, those actions were not, as a matter of law, the sole proximate cause.

> "One of the objectives of the Structural Work Act is to deter injuries to individuals employed in dangerous or extra-hazardous occupations. In order to effectuate such a purpose, the courts of this state have consistently ruled that contributory negligence and assumption of the risk are not defenses to a violation of the Act. [Citation.] Nor is it a defense to a defendant

liable under the Act that the plaintiff may have been concurrently at fault. [Citation.] However, it is incumbent for the plaintiff to establish a causal connection between any violation of the act and the injury to plaintiff. [Citation.]" (*Beebe v. Commonwealth Edison Co.* (1977), 45 Ill. App. 3d 43, 48, 358 N.E.2d 1343.)

It is abundantly clear from the record before us that the plaintiff in the instant case was able to show a causal connection between the unsafe scaffolding and the injury he incurred.

"Further, it is fundamental that there may be more than one proximate cause of an injury. Liability will attach if the defendant's conduct contributed in whole or in part to the plaintiff's injury, so long as it was one of the proximate causes of injury." (*Ewert v. Wieboldt Stores, Inc.* (1980), 84 Ill. App. 3d 1008, 1014, 405 N.E.2d 1283.)

Given a reading most favorable to the defendant, the best that can be said is that he proved the plaintiff acted negligently at the time of his injury and that such negligence was a contributing cause of the resulting fall. Accordingly, judgment notwithstanding the verdict should have been entered for the plaintiff who has proven based on the evidence a cause of action under the Structural Work Act.

■■ Since we believe the plaintiff was entitled to recovery, we order this case remanded to the circuit court of Mercer County for a hearing on the issue of damages only. Other issues raised by the plaintiff on appeal concern the need for a new trial, and as we have resolved the issue of liability in favor of the plaintiff, it is unnecessary to consider these contentions.

Reversed and remanded.

STOUDER, P.J., and ALLOY, J., concur.