THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH THOMPSON, Defendant-Appellant.

Third District   No. 3—84—0505

Opinion filed April 19, 1985.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, both for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Joseph Thompson, appeals from the order of the circuit court, finding him guilty on three counts of armed robbery and one count of armed violence. The defendant entered guilty pleas, pursuant to plea agreement, and the court sentenced him to four concurrent 18-year prison terms.

On appeal, the defendant raises two issues:

(1) Whether he was denied his right to effective assistance of counsel, because of a conflict between his two public defenders; and

(2) Whether the court erred in considering a factor implicit in the offenses of armed robbery and armed violence in imposing its sentence.

The pertinent facts on appeal indicate that defendant Thompson appeared and entered a partially negotiated plea of guilty on January 30, 1984. His trial counsel at that time was assistant public defender Ira Goldstein. In exchange for Thompson's plea of guilty on three armed robbery charges, as well as the armed violence charge, the State dismissed an attempted murder count as well as an armed robbery charge in another case. The trial judge questioned the defendant concerning his guilty plea, and concluded that the plea was voluntarily and understandingly made.

On March 27, 1984, assistant public defender Goldstein filed a motion to withdraw defendant's guilty pleas, alleging simply that the

defendant's constitutional rights were violated at the time of his arrest. This motion was thereafter withdrawn, before a hearing was held.

Prior to sentencing, on March 27, 1984, another assistant public defender, Ray Sabuco, appeared in court on behalf of defendant Thompson, explaining to the trial court that he "was recently reassigned to this case by Mr. Goldstein, since he's going to be involved in other matters." A sentencing hearing was held on June 14, 1984, and the defendant was thereafter sentenced to four concurrent terms of 18 years each.

On June 21, 1984, through assistant public defender Sabuco, the defendant requested that earlier motions to withdraw his guilty pleas be reinstated, and that they be amended so as to allege the involuntariness of defendant's guilty pleas. A July 24, 1984, hearing was held on the motions to withdraw, wherein defendant testified that his guilty pleas were not freely and voluntarily made. It was defendant's testimony that his prior defense counsel, Ira Goldstein, discouraged an alibi defense. Thompson also asserted that Goldstein indicated it didn't matter whatever he did, since he couldn't get a fair trial in Will County. The defendant also indicated that Goldstein signaled him during the questioning on voluntariness, so as to indicate the necessary responses to the judge's inquiries.

Ira Goldstein, testifying for the State, denied any conversations about an alibi defense, and also indicated that he did not make the other statements the defendant had attributed to him. At the conclusion of testimony and arguments, the trial court denied the defense motion to withdraw the guilty pleas.

The dispositive issue on appeal is whether defendant was denied his right to effective assistance of counsel, where assistant public defender Sabuco had to argue the incompetency of assistant public defender Goldstein. It is evident from the record that the basis of the defendant's arguments on the motion to withdraw his guilty pleas was the alleged improper pressure put upon him by his former defense attorney, assistant public defender Goldstein. Under the circumstances, it was necessary for assistant public defender Sabuco to argue that Goldstein, in counseling defendant Thompson in the manner he did, had rendered ineffective assistance of counsel. Under similar circumstances, courts have concluded that an improper conflict of interest exists. (*People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Adams* (1979), 74 Ill. App. 3d 727, 393 N.E.2d 758; *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863.) These and other cases have indicated the impropriety of permitting one public de-

fender to represent a defendant, wherein counsel is required to allege the incompetency of another public defender.

The State argues that it is not established in the record that both Sabuco and Goldstein were from the same office, and, therefore, no *per se* conflict of interest has been shown. The record indicates, however, that when Sabuco appeared initially on behalf of defendant Thompson, he indicated that he had been assigned to the case by Mr. Goldstein. Under the circumstances, the record indicates a connection between Sabuco and Goldstein sufficient to find a conflict of interest, where Sabuco later had to argue Goldstein's incompetency. We would note, however, that public defender Sabuco appears to have competently and vigorously asserted defendant Thompson's position at the hearing on the motion to withdraw a guilty plea. The *per se* rule that is applicable in this instance, however, addresses itself both to the appearances of impropriety, as well as to the subtle effects that a close connection between two defense attorneys, under these circumstances, might have on the manner of representation received by a defendant.

■ We reject the State's argument that defendant has waived his argument by failing to advance it in the trial court. Given his involvement, it would be unreasonable to expect assistant public defender Sabuco to have asserted his own conflict of interest in the post-trial motion. Nor can defendant be put under the burden of making the objection himself, in these circumstances, where he is represented by counsel and counsel fails to make any objection. (See, *e.g., People v. Williams* (1984), 127 Ill. App. 3d 231, 468 N.E.2d 807; *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169.) We find no waiver.

■ The defendant Thompson should be allowed a hearing on his motion to withdraw his guilty pleas, free from any suggestion of impropriety because of the connection between his counsel and prior counsel whom he believes rendered him ineffective assistance.

For the reasons stated, the judgment of the circuit court is reversed and the matter remanded for a new hearing on the motion to withdraw guilty pleas. At such hearing, defense counsel unconnected with Goldstein and Sabuco should be appointed. Because of our disposition of this issue, we do not reach the issue raised respecting sentencing.

Reversed and remanded for a new hearing.

HEIPLE, P.J., and SCOTT, J., concur.