SUSAN MANISCO, Plaintiff-Appellant, v. THE MARSEILLES FIRE PRO-
TECTION DISTRICT, Defendant-Appellee.

Third District   No. 3—84—0377

Opinion filed April 22, 1985.

Kenneth R. Nix and John F. Klebba, both of John G. Phillips, Ltd., of Chicago, and Anthony C. Raccuglia and Cynthia Raccuglia, both of Anthony C. Raccuglia & Associates, of Peru, for appellant.

Daniel K. Russell, of Johnson, Martin & Russell, P.C., of Princeton, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

This case comes on appeal from orders dismissing plaintiff-appellant's second amended complaint. We affirm.

In August 1980, the Marseilles Fire Protection District (hereinafter district) entered into an agreement with plaintiff's decedent, Bernard Underhill (hereinafter Underhill). Underhill, a sole proprietor, was to install electrical fixtures in the district's new fire station that was under construction. On September 3, Underhill apparently fell from a scaffold he was using, suffering fatal injuries. There were no eyewitnesses.

Underhill's activity was the only construction in the new firehouse on that date. All work being done by Underhill was in furtherance of the contract. All scaffolding used by Underhill was his own responsibility. The scaffold was borrowed from a hardware store in Marseilles. Underhill was the only one who placed and used the scaffold. No other people were involved with any decisions regarding the use of the scaffold.

Underhill's spouse filed this action based on the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*). While this action was pending, decedent's spouse suffered a stroke and died. Underhill's daughter, Susan Manisco (hereinafter Manisco) filed the second amended complaint as plaintiff. On the district's motion to dismiss, submission of briefs and affidavits, and oral arguments, the trial court

dismissed the action. Manisco takes this timely appeal.

The issue to be decided is whether the district, as owner of the premises, can be liable under the Act. Case law is consistent in holding that an owner may be held liable. The Structural Work Act places a duty, among others, upon an owner having charge of such construction of a building. (*Kobus v. Formfit Co.* (1966), 35 Ill. 2d 533, 221 N.E.2d 633.) The courts have uniformly held that as long as there is evidence connecting the owner with the work, a jury question is presented. *Carlson v. Metropolitan Sanitary District* (1965), 64 Ill. App. 2d 331, 213 N.E.2d 129.

The district's motion to dismiss was successful. A motion to dismiss admits all well-pleaded facts and reasonable inferences. The grounds for a motion to dismiss, if not on the face of the complaint, must be raised in a supporting affidavit. (*Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 452 N.E.2d 1383.) A reviewing court examines the facts in a light most favorable to the nonmovant. (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 425 N.E.2d 1174.) Plaintiff, in her brief, makes note of several "admissions" by the fire chief in his affidavit that was submitted by the district. She claims that these indicate control by the district.

These factors include: The district owned the real estate; the structure was purchased by the district; the district paid the plaintiff; the district contracted with Underhill; the district could order the work changed if it did not conform to the contract; the district had authority to approve the plans; and the district could discharge Underhill for failing to comply with the contract. More factors were listed; however, we deem them to be frivolous (*e.g.*, the district trustees discussed work in progress at board meetings). We find that construing these factors in a light most favorable to the plaintiff, the district did not "have charge" of the installation of the electrical fixtures. These factors were merely the district's rights under the contract with Underhill.

We recognize that it has been held that whether certain connections constitute "having charge" is a jury question. (*Beebe v. Commonwealth Edison Co.* (1977), 45 Ill. App. 3d 43, 358 N.E.2d 1343.) However, the issue of control is for the jury when reasonable minds could differ. We find that no reasonable minds could differ as to whether the district "had charge." *Melvin v. Thompson* (1963), 39 Ill. App. 2d 413, 188 N.E.2d 497.

In *Melvin*, the premises owner was much more involved in the work than in the present case. The defendant-owner stated, *inter alia*, that: He intended to watch the job carefully; he would stop the

painting if not satisfied; he detailed the type of paint to be used; he instructed the plaintiff on where and how to paint; and he yanked the scaffold rope to determine its strength. The First District found that Thompson was merely requiring compliance with the contract and ensuring the quality of the work. This, it was determined, could not be considered by reasonable men to mean that Thompson "had charge." (*Melvin v. Thompson* (1963), 39 Ill. App. 2d 413, 417.) To be in charge requires that the owner's supervisory powers exceed retention of the right to observe and to terminate the work at the owner's discretion. *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 373 N.E.2d 1354.

Thus, even taking the pleadings and affidavits in a light most favorable to the plaintiff, we cannot, as a matter of law, say that the district "had charge" of the operation that was sufficient to subject the defendant to liability. Because of our decision, we decline to examine defendant's claim that sole proprietors are excluded from statutory protection as a matter of law.

Therefore, the order of the circuit court of La Salle County granting the motion to dismiss is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.