JAMES A. BISSET, Plaintiff-Appellee, v. JOSEPH A. SCHUDT & ASSOCI-
ATES, Defendant-Appellant.

Third District   No. 3—84—0532

Opinion filed May 21, 1985.

Harry B. Bainbridge and Dario A. Garibaldi, both of Harry B. Bainbridge & Associates, of Chicago Heights, for appellant.

James E. Garrison, of Garrison, Fabrizio & Hanson, Ltd., of Joliet, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

This appeal presents the second opportunity this court has had to review this case. The first, *Bisset v. Village of Lemont* (1983), 119 Ill. App. 3d 863, 457 N.E.2d 138, resulted in our affirming the lower court's decision to grant a new trial. A new trial was held, resulting in a verdict in favor of the plaintiff. We affirm as to liability, but remand for a new hearing on damages.

The facts are simple. Plaintiff was employed by Central States Engineering, the general contractor in a sewer improvement project. Defendant was the civil engineer for the village of Lemont. The village was dismissed as a party defendant prior to the second trial. Defendant drew the plans for the village, surveyed the area where the work was to be performed, and drew up the contract between the village and Central States.

Plaintiff injured his knee on August 31, 1979, at the jobsite. He was in a trench, assisting in laying the pipe. Some peeling of the trench wall occurred. Plaintiff, along with those in the trench, was warned to get out. Plaintiff, in scrambling out of the trench, struck his right leg against a pipe, suffering injury to the right knee. He brought this action based on the Structural Work Act (hereafter Act) (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*). The suit alleged that the defendant had charge of the construction and violated the Act by failing to take adequate safety measures at the work site. The jury awarded plaintiff $200,000. Defendant brings this appeal, citing numerous factors as error.

■ The first issue that defendant raises is that, as a matter of law, it did not have sufficient charge to create liability under the Act. Defendant claims it was acting only as an architect in relation to this job. Defendant cites *McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134, for the proposition that architects are excluded from liability as a matter of law.

This is an incorrect interpretation of the law. Liability under the

Act is placed on any person "having charge" of the construction. Whether one has charge is primarily a question of fact. (*McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134.) As long as there is some evidence connecting the person named, a jury question is presented. (*Voss v. Kingdon & Naver, Inc.* (1972), 9 Ill. App. 3d 30, 291 N.E.2d 235, *aff'd* (1975), 60 Ill. 2d 520, 328 N.E.2d 297.) Whether a defendant was one having charge is within the province of the jury to determine. (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785.) Architects *per se* are not excluded from liability. (*Emberton v. State Farm Mutual Automobile Insurance Co.* (1978), 71 Ill. 2d 111, 373 N.E.2d 1348.) Other cases impliedly admit the possibility of an architect's liability. See *e.g., Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630; *Przybylski v. Perkins & Will Architects, Inc.* (1981), 95 Ill. App. 3d 620, 420 N.E.2d 524.

Therefore, unless the evidence, when viewed most favorably to the plaintiff, so overwhelmingly favors the defendant that no contrary verdict could stand, the verdict should be affirmed. (*Hausam v. Gruen & Associates* (1980), 86 Ill. App. 3d 1145, 408 N.E.2d 1051.) Thus, we must look at the evidence.

■ Defendant insists that the powers it held were merely to insure compliance with the contract. The jury found otherwise. The evidence supports this finding. Defendant had a supervisor at the jobsite every day. He was authorized to make alterations in the plans and specifications. He was also authorized to stop the work. Defendant designed the plans for the job. Plaintiff alleges that the design was faulty in that it failed to follow OSHA standards for such work. From this, there is a sufficient basis upon which the jury could have found that defendant had charge of the operation. Thus, the motions for a directed verdict and judgment *n.o.v.* were properly denied, as there was a question for the jury. Also, the jury's decision is supported by the evidence and does not require reversal.

■ Defendant's second contention is that the trial court erred in not submitting one of defendant's proposed interrogatory verdicts. The questions posed did not accurately state the law. The submitted questions talk of being in charge and of proximate cause. The statute speaks only in terms of "having charge." A person can be liable even if not actually in charge of the project. More than one person can be found liable. (*Kjellesvik v. Commonwealth Edison Co.* (1979), 73 Ill. App. 3d 773, 392 N.E.2d 116.) Defendant's submitted questions were not material, nor would they have aided the court in making a final determination. The answers to the questions could have been in favor

of the defendant, but a verdict for the plaintiff would have been proper. Thus, the questions were properly not submitted. For this reason, we will not consider the contention that plaintiff's instructions were faulty.

■ Defendant next claims that the trial court improperly allowed plaintiff to substitute parties defendant. At the time of the accident, defendant was a partnership of Joseph A. Schudt and George Ranney. Prior to the filing of this action, the partners incorporated. This action was originally filed against the corporation and subsequently amended to the partnership. The amendment occurred after the statute of limitations would have run.

The controlling statute is section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—616). This section gives the trial court broad discretion in allowing amendments. The ruling will not be disturbed unless there has been a manifest abuse of discretion. *Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 3d 703, 450 N.E.2d 1199.

Subsection (d) states that substitution is permissible if: (1) the statute of limitations had not run when the original action was commenced; (2) the failure to join the defendant was inadvertent; (3) service of process was had on the person, his agent, or his partner; (4) the person knew the original action was pending and grew out of an occurrence involving him; and (5) the amended pleading grew out of the original pleading. A careful review of the record discloses that all the above factors exist in the present case.

In fact, but for the actions of the defendant, amendment might have been had before the statute had run. As stated earlier, the complaint was filed against the corporation. Defendant answered the complaint and interrogatories as a corporation. In doing so, it admitted that it was the entity that contracted with the village. Plaintiff discovered the intervening incorporation, after the statutory period had run, in a deposition of George Ranney. Plaintiff soon thereafter amended the complaint. We find the trial court's allowance of the amendment to be most proper in this case.

■ Defendant's final contention that we will examine concerns the award of damages. Plaintiff was awarded $200,000. Of that, $70,000 was stated to be for medical and hospital expenses. Plaintiff's special damages proved at trial amounted to $5,360.32. Defendant requests a *remittitur* or a new hearing on the issue of damages. We grant the latter.

The amount of damages is an issue of fact for the jury, and that finding will not be altered on review unless it is so excessive as to de-

note that it was influenced by passion or prejudice. (*Wanner v. Keenan* (1974), 22 Ill. App. 3d 930, 317 N.E.2d 114.) While we will not look solely at the difference between the verdict and special damages (*Wanner v. Keenan* (1974), 22 Ill. App. 3d 930, 317 N.E.2d 114), we will see if it is against the manifest weight of the evidence. *Department of Public Works & Buildings v. Greenwell* (1977), 45 Ill. App. 3d 159, 359 N.E.2d 780.

There is a great difference between the award and the proved specials. There was, at best, speculative evidence on the question of future medical expenses. When announcing the award, the foreman stated that it was for past and future medical expenses. All of this leads us to believe that the award for the medical damages is against the manifest weight of the evidence and was the result of passion or prejudice.

We find further fault in the jury's award. The award as to lost salaries was $0. However, there was unrebutted testimony that plaintiff's injury and subsequent disability caused him to suffer a loss in earnings.

Plaintiff's medical expert testified that plaintiff's knee would be adversely affected by, *inter alia*, bending, squatting, or climbing. Wages for those workers in plaintiff's union increased from $12.97 per hour in total wages and benefits in August 1979 to $16.27 per hour in June 1983. While work was available during the time plaintiff was off, the union local's business manager stated that there was no work that did not require stooping, squatting, or climbing. As a result, plaintiff is no longer a construction laborer. His wages have fallen to $7.50 per hour.

This evidence is uncontroverted. However, it was totally ignored by the jury. This award, or lack thereof, is totally contrary to the manifest weight of the evidence.

We find it apparent that the jury was confused in determining the sums to be allocated in measuring damages, since the amounts for medical and hospital expenses and for lost wages were so disparate from the amounts proved at trial. We are unable to say, therefore, that this confusion did not taint the other elements of damage set forth in the mutually submitted verdict form. For that reason, we find that the entire issue of damages should be retried.

Because of our decision, we decline to discuss any other contentions raised by defendant either in the briefs or in argument.

Therefore, the judgment of the circuit court of Will County will be affirmed as to its finding of liability on behalf of defendant Joseph A. Schudt & Associates. The judgment as to the award of damages will

be vacated, and this cause will be remanded for a hearing on all elements of damages.

Affirmed in part, vacated in part, and remanded.

HEIPLE, P.J., and STOUDER, J., concur.