DONALD GENTILE *et al.*, Plaintiffs-Appellants, v. JERALD KEHE, Defendant-Appellee and Third–Party Plaintiff-Appellant (Bauer Corporation, Defendant; Van Doorn Roofing, Inc., Third–Party Defendant-Appellee).

First District (1st Division) No. 86—2660

Opinion filed December 31, 1987.—Rehearing denied March 1, 1988.

Robert J. Cooney & Associates, of Chicago (James E. Ocasek, of counsel), for appellants Donald Gentile and Susan Gentile.

Law Offices of John M. Barnes, of Chicago (John A. Goudge, of counsel), for appellee Van Doorn Roofing, Inc.

Librizzi & Dunn, of Chicago (Joseph J. Librizzi, Michael A. Dunn, and Thomas H. Dunn, of counsel), for Jerald Kehe.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Donald and and Susan Gentile, brought an action against several defendants, including Jerald Kehe, to recover damages for personal injuries and loss of consortium based on alleged violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) and for negligence. Defendant Kehe filed a third-party complaint against Van Doorn Roofing, Inc., plaintiff Donald Gentile's employer, seeking contribution. Plaintiffs appeal from an order granting summary judgment in favor of defendant. The issues presented for review are whether (1) a genuine issue of material facts exists as to whether defendant Kehe, as a homeowner, was in charge of construction work on his home within the meaning of the Structural Work Act; (2) the evidence provided a factual foundation for a negligence claim; and (3) the trial court erred in dismissing defendant Kehe's third-party complaint seeking contribution.

In August 1980, the defendant, Jerald Kehe, commenced a project to add a three-bedroom addition to his family home in Palatine, Illinois. Kehe contracted with Van Doorn Roofing, Inc. to do the roofing work. The plaintiff, Donald Gentile, was one of the workmen employed by Van Doorn Roofing. On November 15, 1980, while construction was in progress, plaintiff brought additional construction materials for the job to the Kehe home at the instruction of William Van Doorn, the owner of Van Doorn Roofing. Plaintiff picked up a 20-pound can of roofing cement and began climbing a ladder to the roof of the house. Plaintiff fell from either the roof or the ladder, sustaining severe injuries and brain damage. There were no eyewitnesses to the accident. Plaintiff has no recollection of how the accident happened or of events for several weeks prior to the accident.

Defendant stated in his deposition and affidavit that following the decision to add the addition to his home, he contacted and met with various people to do the construction work. He met with an architect, Chris Hood, and participated in the architectural planning of the building. He further contacted a second architectural firm to oversee the entirety of the construction. He entered into a written agreement with William Van Doorn of Van Doorn Roofing to do the roofing work. The defendant also negotiated and agreed upon the terms of

contracts with various subcontractors. In applying for a building permit, the defendant listed his own name as "general contractor" for the project as well as the names of various subcontractors he had hired. The defendant stated, however, that he did not participate in any of the actual work on the addition and did not supervise or direct the work or furnish any materials, tools or equipment for the work. Defendant made no changes in the work plans and did not give orders to the workmen. Plaintiff Donald Gentile was in charge of the job of installing the roof and he took his orders directly from Mr. Van Doorn. Defendant stated he relied upon the expertise of the workmen, including the plaintiff, with regard to safety. On the day of the occurrence, defendant went outside to clean up the grounds and saw the plaintiff in mid-air, falling to the ground. Defendant did not see what caused the plaintiff to fall and did not know whether the plaintiff fell from the roof or the ladder.

The depositions of two workers employed by Van Doorn Roofing, Cornelius McCarthy and Daniel Leonhard, were taken regarding the accident. They stated that on the day of the accident, the defendant was around his home the entire morning observing the work of the roofers and discussing the progress of the work with Mr. Van Doorn. Both McCarthy and Leonhard had used the ladder plaintiff used approximately 15 to 20 times earlier in the day prior to plaintiff's accident and had not noticed that it was unsteady or defective.

■■ ■ Plaintiff first argues that the granting of summary judgment in favor of defendant was error where the evidence in the record raised issues of material fact as to whether defendant, a homeowner, was in charge of the construction project on his home within the meaning of the Structural Work Act. The Act imposes a duty of care on an "owner, contractor, sub-contractor, foreman, or other person having charge of the *** construction *** of any building *** within the provisions of this act." (Ill. Rev. Stat. 1985, ch. 48, par. 69.) While the determination of whether a defendant had charge of the work has generally been held to be for the trier of fact (*McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134; *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785), this issue may be determined as a matter of law where the evidence presented is insufficient to create a factual question. (*Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 394 N.E.2d 403; *Fruzyna v. Walter C. Carlson Associates, Inc.* (1979), 78 Ill. App. 3d 1050, 398 N.E.2d 60.) Mere ownership is insufficient to impose liability. (*Gannon,* 22 Ill. 2d 305, 175 N.E.2d 785.) Courts have identified a number of factors to be

considered in determining whether the totality of the circumstances establishes that a party had charge of the work, including supervision and control of the work, or retention of the right to supervise and control it; constant participation in ongoing activities at the construction site; supervision and coordination of the subcontractors; responsibility for safety precautions at the jobsite; authority to issue change orders; authority to stop the work; ownership of equipment used at the jobsite; familiarity with construction practices; and the ability to correct unsafe or improper work habits and equipment deficiencies. *Lyle v. Sester* (1981), 103 Ill. App. 3d 208, 430 N.E.2d 699; *Hausam v. Victor Gruen & Associates* (1980), 86 Ill. App. 3d 1145, 408 N.E.2d 451; *Bishop v. Crowther* (1980), 92 Ill. App. 3d 1, 415 N.E.2d 599; *Westerfield v. Arjack Co.* (1979), 78 Ill. App. 3d 137, 397 N.E.2d 451.

 █ Plaintiffs contend that when defendant began to build the addition to his home, he acted as his own general contractor. They support this claim with the facts that defendant contacted and met with an architect and participated in the architectural planning of the building. Defendant later contacted and hired a second architect to supervise and oversee the construction. Defendant also contacted various subcontractors and negotiated and agreed upon terms of their contracts. Further, in applying for a building permit defendant filled in the blank requesting the name of the general contractor with his own name. From our review of this evidence, it is insufficient to support a finding that defendant was in charge of the construction on his home. There is no evidence that the contract between the defendant and the plaintiff's employer granted to defendant any right to supervise, direct, observe, or control the manner or method of plaintiff's work and there is no evidence that any such control was in fact exercised. There is no showing that the defendant had any direct connection with the project engaged in by the plaintiff. In our view, defendant was merely requiring compliance with the contract and insuring the quality of the work. The burden was on the plaintiff to show some factual basis that defendant was in charge and control of the work and that he had a direct connection with the construction operations. (See *Di Prima v. Edwards* (1977), 55 Ill. App. 3d 633, 371 N.E.2d 252; *McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134.) In our judgment, plaintiff did not meet this burden and the trial court properly entered summary judgment for defendant.

In *Lyle v. Sester* (1981), 103 Ill. App. 3d 208, 430 N.E.2d 699, the court dealt with the issue of whether the defendant was in charge of the construction of his home. The defendant had purchased the plans for the house and had made changes in the plans. He hired his

brother and the plaintiff, both journeymen carpenters, to frame the house. The defendant visited the jobsite almost daily and from time to time helped with the carpentry work by nailing boards together for the carpenters although the defendant was not a carpenter. He did not interfere with the plaintiff's work but did supply brackets which the carpenters used to support the scaffolding used for the work. Plaintiff was injured when a bracket gave way and the scaffolding he was on collapsed. The court held, after an examination of the facts and totality of the circumstances, that the defendant was not liable under the Structural Work Act and that the trial court erred in denying defendant's motion for judgment notwithstanding the verdict. As a matter of law, the court found that defendant did not have charge and control of the work. The facts in the present case are more persuasive as to the defendant homeowner's lack of control than in *Lyle*. Accordingly, in reliance on *Lyle*, we hold that the defendant homeowner here was not in charge of the work since his involvement was insufficient to impose liability.

■ The defendant stated in his deposition and affidavit that he was a homeowner who had contracted to have work done by independent contractors. He had no training in roofing or construction work, procedures or techniques and he did not supply any tools or equipment for the construction. He did not supervise or direct the roofing work and did not do any roofing work himself. Further, he did not specify the work hours of the employees or the completion date and he relied upon the expertise of Van Doorn Roofing, Inc., and its employees with respect to safety. Defendant observed the work and kept informed of its progress. An owner's observations of the work to determine that he is getting what he is paying for does not make him in charge of the work. (*Manisco v. Marseilles Fire Protection District* (1985), 132 Ill. App. 3d 390, 477 N.E.2d 532; *Di Prima v. Edwards* (1977), 55 Ill. App. 3d 633, 371 N.E.2d 252; *Melvin v. Thompson* (1963), 39 Ill. App. 2d 412, 188 N.E.2d 532.) As stated by the *Lyle* court:

> "To find a wilful violation here would place a heavy burden on a residential owner, such as the defendant, who hires an independent contractor to work on his house. *** In the vast majority of cases, as here, residential owners lack the requisite knowledge and skill that is essential to construction operations and, accordingly, cannot be expected to enforce safety provisions about which they have no knowledge or do not understand; thus, they must rely, in appropriate circumstances, upon independent contractors, who are knowledgeable in the building

trades, to perform their work properly and in a safe manner." (*Lyle*, 103 Ill. App. 3d at 217, 430 N.E.2d at 706.) On this record, we find no error by the trial court in granting summary judgment to defendant since the pleadings, depositions and affidavits show that no genuine issue was raised as to the material fact that the defendant owner was not in charge of the work during the performance of which plaintiff was injured. *Melvin v. Thompson* (1963), 39 Ill. App. 2d 413, 188 N.E.2d 497.

Plaintiff further contends that the testimony provided a factual foundation for a negligence claim against defendant. Plaintiff's complaint alleges that the plaintiff fell from a ladder and that defendant breached a duty towards plaintiff. The record establishes that no one knew the cause of the accident and suggestions as to the cause presented in the parties' briefs amount to sheer speculation. Absent evidence of how the plaintiff was injured, it is not possible to determine what duty was breached by the defendant toward the plaintiff, if any. It is entirely possible that the plaintiff lost his balance and fell from the roof. Further, there was no evidence presented that the equipment used was unsafe or unsuitable for the task to be performed. Since there was no evidence that any negligent act was the proximate cause of plaintiff's injury, his action for negligence against defendant must fail. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328; *Truelson v. Levin* (1974), 24 Ill. App. 3d 733, 321 N.E.2d 528.

Having determined that the grant of summary judgment in defendant's favor was proper, we need not address the remaining issue raised as to whether the trial court erred in dismissing defendant's third-party complaint for contribution.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and MANNING, JJ., concur.